Panel Consisting of: McCullough, Dietz, Tyson, JJ.
 

 PER CURIAM.
 

 *692
 
 This case is before the Court on remand by Order of the North Carolina Supreme Court dated 22 September 2016, to be reconsidered in light of that Court's recent decisions in
 
 State v. Thomsen
 
 , --- N.C. ----,
 
 789 S.E.2d 639
 
 (2016) and
 
 State v. Stubbs
 
 ,
 
 368 N.C. 40
 
 ,
 
 770 S.E.2d 74
 
 (2016).
 

 I. Procedural Background
 

 The facts underlying this case are set forth in detail in our previous opinion,
 
 State v. Ledbetter
 
 , --- N.C. App. ----,
 
 779 S.E.2d 164
 
 (2015), and are briefly presented here. Donna Helms Ledbetter ("Defendant") was charged with driving while impaired. Defendant filed a motion to
 
 *693
 
 dismiss the charges on 23 December 2013, and argued the State had violated
 
 N.C. Gen. Stat. § 20-38.4
 
 (setting forth procedures for magistrates to follow when the arrestee appears to be impaired during the initial appearance) and
 
 State v. Knoll
 
 ,
 
 322 N.C. 535
 
 ,
 
 369 S.E.2d 558
 
 (1988) (holding a DWI charge is subject to dismissal for magistrate's failure to "inform [the accused] of the charges against him, of his right to communicate with counsel and
 
 *553
 
 friends, and of the general circumstances under which he may secure his release.")
 

 Following the court's denial of her motion, Defendant entered a plea of guilty. The plea arrangement stated "[Defendant] expressly retains the right to appeal the Court's denial of her motion to dismiss/suppress her Driving while Impaired charge in this case and her plea of guilty is conditioned based on her right to appeal that decision[.]" Defendant purportedly appealed to this Court from the judgment entered upon her guilty plea, and argued the trial court erred by denying her "motion to dismiss." The State moved to dismiss Defendant's appeal, and to deny her petition for writ of certiorari.
 

 This Court held Defendant did not have a statutory right to appeal the motion to dismiss under either §§ 15A-1444(a)-(d) or 15A-979(b).
 
 Ledbetter,
 
 --- N.C. App. at ----,
 
 779 S.E.2d at 170-71
 
 . Defendant had petitioned this Court to issue a writ of certiorari to review the denial of her motion to dismiss. This Court held Rules 1 and 21 of the North Carolina Rules of Appellate Procedure governs our appellate procedures and do not set forth the grounds Defendant asserted to issue the requested writ. In the exercise of our discretion, we further declined to invoke Rule 2 to suspend the Rules of Appellate Procedure to exercise our admitted jurisdiction to issue the writ under
 
 N.C. Gen. Stat. § 1444
 
 (e). We dismissed Defendant's purported appeal.
 
 Id
 
 .
 

 II.
 

 Thomsen
 

 and
 
 Stubbs
 

 After our initial opinion was issued in this case, the Supreme Court issued its opinion in
 
 Thomsen
 
 . In that case, the defendant pled guilty to rape of a child and sexual offense with a child, both felonies which carry mandatory minimum sentences of 300 months.
 
 Thomsen
 
 , --- N.C. at ----,
 
 789 S.E.2d at 641
 
 . After it consolidated the convictions and sentenced the defendant to a prison term of 300 to 420 months, the trial court immediately
 
 sua sponte
 
 granted its own motion for appropriate relief ("MAR") and vacated the judgment and sentence. The trial court determined the mandatory sentence violated the Eighth Amendment, and imposed a lower sentence pursuant to the Structured Sentencing Act.
 
 Id
 
 .
 

 *694
 
 The State petitioned this Court to issue the writ of certiorari to review the trial court's order granting its own MAR. This Court allowed the State's petition, addressed the State's argument and held, over a dissent, the mandatory minimum sentence did not violate the Eighth Amendment, and remanded the case for resentencing.
 
 Id
 
 . The Supreme Court addressed the issue raised by the dissenting opinion, whether this Court had subject matter jurisdiction to review, by certiorari, the trial court's grant of its own MAR.
 
 Id
 
 .
 

 In
 
 Thomsen
 
 , the Supreme Court relied upon its decision in
 
 State v. Stubbs
 
 ,
 
 368 N.C. 40
 
 ,
 
 770 S.E.2d 74
 
 (2016).
 
 Stubbs
 
 was decided and issued while
 
 Ledbetter
 
 was initially pending before our Court, and is addressed and cited within our previous opinion.
 
 See
 

 Ledbetter
 
 , --- N.C. App. at ----,
 
 779 S.E.2d at 168
 
 .
 

 In
 
 Stubbs
 
 , the Court considered whether the Courts in the appellate division have jurisdiction to review, by certiorari, the trial court's grant of a MAR in favor of the defendant. The trial court's
 
 ruling
 
 on a MAR is statutorily subject to review by certiorari. N.C. Gen. Stat. § 15A-1422(c) (2015). The Court noted the statute "does not distinguish between an MAR when the State prevails below and an MAR under which the defendant prevails."
 
 Stubbs
 
 ,
 
 368 N.C. at 43
 
 ,
 
 770 S.E.2d at 76
 
 . The Court stated:
 

 Accordingly, given that our state constitution authorizes the General Assembly to define the jurisdiction of the Court of Appeals, and given that the General Assembly has given that court broad powers "to supervise and control the proceedings of any of the trial courts of the General Court of Justice,"
 
 id
 
 . § 7A-32(c), and given that the General Assembly has placed no limiting language in subsection 15A-1422(c) regarding which party may appeal a ruling on an MAR, we hold that the Court of Appeals has
 
 jurisdiction
 
 to hear an appeal by the State of an MAR when the defendant has won relief from the trial court.
 

 Id
 
 . at 43,
 
 770 S.E.2d at 76
 
 (emphasis supplied).
 

 The Court noted the Rules of Appellate Procedure are pertinent to its analysis.
 
 Id
 
 .
 

 *554
 
 At that time, the language of Rule 21 only permitted appellate review of the issuance of the writ of certiorari to review an " 'order of the trial court
 
 denying
 
 a motion for appropriate relief.' "
 
 Id
 
 . (quoting N.C. R. App. P. 21(a)(1) ) (emphasis supplied). The defendant in
 
 Stubbs
 
 argued that under the language of the Rule, the State may not seek review by certiorari of an order of a trial court
 
 granting
 
 a motion for appropriate relief.
 
 Id
 
 .
 

 *695
 
 The Supreme Court disagreed, and held:
 

 As stated plainly in Rule 1 of the Rules of Appellate Procedure, "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of the appellate division as that is established by law." [ N.C. R. App. P. 1 ] Therefore, while Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.
 

 Id
 
 . at 43-44,
 
 770 S.E.2d at 76
 
 .
 

 Where § 15A-1422(c) contains "no limiting language ... regarding which party may appeal a ruling on an MAR," the Court held this Court has jurisdiction to hear an appeal by the State of an MAR when defendant has won relief from the trial court.
 
 Id
 
 . at 43,
 
 770 S.E.2d at 76
 
 . On the same day the
 
 Stubbs
 
 opinion was filed, and prior to the issuance of its mandate, the Supreme Court specifically amended Rule 21 to set forth a procedure under the appellate rules to permit review of
 
 all rulings
 
 on motions for appropriate relief in accordance with the language of N.C. Gen. Stat. § 15A-1422(c)(3). N.C. R. App. P. 21(a) (2016).
 

 As in
 
 Stubbs
 
 , the Court in
 
 Thomsen
 
 noted "[t]he General Assembly has exercised [its] constitutional authority in N.C.G.S. § 7A-32(c) by giving the Court of Appeals 'jurisdiction ... to issue the prerogative writs, including ... certiorari, ... to supervise and control the proceedings of any of the trial courts of the General Court of Justice.' "
 
 Thomsen
 
 , --- N.C. at ----,
 
 789 S.E.2d at 641
 
 (quoting N.C. Gen. Stat. § 7A-32(c) (2015) ). The Court explained N.C. Gen. Stat. § 7A-32(c) "empowers the Court of Appeals to review trial court rulings on motions for appropriate relief by writ of certiorari unless some other statute restricts the jurisdiction," and "only the General Assembly can take away the jurisdiction that it has conferred."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 641-42
 
 .
 

 "Subsection 7A-32(c) thus creates a default rule that the Court of Appeals has
 
 jurisdiction
 
 to review a lower court judgment by writ of certiorari. The default rule will control unless a more specific statute restricts
 
 jurisdiction
 
 in the particular class of cases at issue."
 
 Id
 
 . at ----,
 
 789 S.E.2d at 642
 
 (emphasis supplied).
 

 III. Authority Under the Rules of Appellate Procedure
 

 Both
 
 Thomsen
 
 and
 
 Stubbs
 
 address the appellate courts'
 
 jurisdiction
 
 to issue the writ of certiorari upon the State's petition, where statutorily
 
 *696
 
 authorized, after the trial court granted both defendants' MAR. N.C. Gen. Stat. § 15A-1444(e) provides that a criminal defendant who pleads guilty to a criminal offense "may petition the appellate division for review by writ of certiorari." N.C. Gen. Stat. § 15A-1444(e) (2015). Our initial opinion in this case neither denies, nor purports to limit, this Court's
 
 jurisdiction
 
 to issue the writ under N.C. Gen. Stat. § 15A-1444(e), or any other statute.
 

 The issue in the present case does not pertain to the existence of appellate
 
 jurisdiction
 
 under the statutes. Rather, the issue pertains to the "govern[ing] procedure" and processes available to properly exercise our jurisdiction and guide our discretion of whether to issue a writ of certiorari, following a defendant's guilty plea. N.C. Rule App. P. Rule 1(b) (2016). Defendant's petition, purportedly under N.C. Gen. Stat. § 15A-1444(e), does not invoke any of the three grounds set forth in Appellate Rule 21 to guide this Court's discretion to issue the writ under this Rule to review her guilty plea.
 

 We are without a procedural basis to do so, without invoking Rule 2 to suspend the Rules. See
 
 Steingress v. Steingress
 
 ,
 
 350 N.C. 64
 
 , 66,
 
 511 S.E.2d 298
 
 , 299-300 (1999) (Appellate Rule 2 "relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance
 
 *555
 
 in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances.").
 

 Appellate Rule 1 states the Rules of Appellate Procedure "
 
 govern procedure
 
 in all appeals from the courts of the trial division to the courts of the appellate division ...
 
 and in applications to the courts of the appellate division for writs and other relief
 
 which the courts or judges thereof
 
 are empowered
 
 to give." N.C. R. App. P. 1(b) (emphasis supplied). Appellate Rules 1, 2 and 21 provide this Court with a procedure and mechanism to guide our discretion to grant or deny a petition to issue the writ of certiorari under the jurisdiction the appellate courts are "empowered" to exercise under our Constitution and statutes. N.C. R. App. P. 1(b),
 
 Thomsen
 
 , --- N.C. ----,
 
 789 S.E.2d at 641-42
 
 .
 

 Under the current language of Appellate Rule 21, no procedural mechanism exists under that Rule to issue the discretionary writ of certiorari to review the trial court's judgment entered upon Defendant's guilty plea under N.C. Gen. Stat. § 15A-1444(e), without further exercising our discretion to invoke Rule 2 to suspend the Rules.
 
 See
 

 State v. Biddix
 
 , --- N.C. App. ----,
 
 780 S.E.2d 863
 
 (2015) (declining to exercise Rule 2 to suspend the appellate rules, denying petition for writ of certiorari, and dismissing defendant's purported appeal from guilty plea where the issue is not listed for review to issue a writ of certiorari pursuant to
 
 *697
 
 Appellate Rule 21 );
 
 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
 

 This Court's jurisdiction to hear and consider issues raised by a party is often broader, but not necessarily synonymous, with the procedural framework under our appellate rules. The appellate rules are replete with circumstances in which this Court possesses jurisdiction, but the rules procedurally do not allow appellate review without invoking Rule 2. For example, although this Court maintains jurisdiction over an appeal, this Court is also bound by Rules 10 and 28 of the Rules of Appellate Procedure, which generally limits review to a only those issues properly preserved and briefed. N.C. R. App. P. 10(a)(1) (2016); N.C. R. App. P. 28(b) (2016).
 

 IV. Conclusion
 

 After further consideration and review of both
 
 Thomsen
 
 and
 
 Stubbs,
 
 and under the jurisdictional authority provided by N.C. Gen. Stat. § 15A-1444(e), Defendant's petition for writ of certiorari to review her motion to dismiss, prior to entry of her guilty plea, does not assert any of the procedural grounds set forth in Rule 21 to issue the writ. Although the statute provides jurisdiction, this Court is without a procedural process under either Rule 1 or 21 to issue the discretionary writ under these facts, other than by invoking Rule 2.
 

 In the further exercise of our discretion under the facts before us, we decline to invoke Rule 2 to suspend the requirements of the appellate rules to issue the writ of certiorari. Appellate Rule 2 sets forth the discretionary basis and restates "the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances."
 
 Steingress
 
 ,
 
 350 N.C. at 66
 
 ,
 
 511 S.E.2d at 299-300
 
 . Defendant's petition before us does not meet that threshold.
 

 Upon remand and after reconsideration and further discretionary review, Defendant's petition is denied, and her appeal is dismissed. The prior mandate issued by this court remains undisturbed.
 
 It is so ordered
 
 .
 

 PETITION DENIED AND APPEAL DISMISSED.