DAVIS, Judge.
Jason A. Perry ("Defendant") appeals from his convictions for felony breaking or entering, felony larceny, and two counts of obtaining property by false pretenses. On appeal, he contends that his plea of guilty was not knowing and voluntary because the trial court failed to inform him of the minimum sentence that he could receive under the Structured Sentencing Act. After careful review, we find no error.
Factual and Procedural Background
On 2 January 2015, Defendant was indicted for felony breaking or entering, larceny after breaking or entering, felony larceny, and two counts of obtaining property by false pretenses. Pursuant to a plea agreement between Defendant and the State, Defendant entered an Alford plea to (1) the offenses of felony breaking or entering and felony larceny, which were consolidated and resulted in a Class H judgment; and (2) the two counts of obtaining property by false pretenses, which were consolidated into an additional Class H judgment. The trial court then sentenced Defendant to two consecutive sentences of 11 to 23 months imprisonment. The charge of larceny after breaking or entering was dismissed pursuant to the plea agreement. Defendant filed a timely written notice of appeal.
Analysis
I. Jurisdiction
As an initial matter, we must determine whether this appeal is properly before us. The State has filed a motion to dismiss for lack of jurisdiction. When a judgment is imposed upon a defendant's plea of guilty, our jurisdiction is constrained by the provisions of N.C. Gen. Stat. § 15A-1444 (2015). N.C. Gen. Stat. § 15A-1444(e) provides as follows:
Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter ofright when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.
N.C. Gen. Stat. § 15A-1444(e) (emphasis added).
Defendant concedes that he is not entitled to an appeal as of right given that none of the grounds stated in N.C. Gen. Stat. § 15A-1444(e) providing for an appeal as of right apply in this case. Moreover, our Supreme Court has explicitly stated that under N.C. Gen. Stat. § 15A-1444, a "defendant is not entitled as a matter of right to appellate review of his contention that the trial court improperly accepted his guilty plea." State v. Bolinger , 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987). Accordingly, Defendant's appeal is subject to dismissal.
However, Defendant has filed a petition for writ of certiorari . Pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, this Court may-in its discretion-issue a writ of certiorari if one of the following circumstances applies: (1) "when the right to prosecute an appeal has been lost by failure to take timely action[;]" (2) "when no right of appeal from an interlocutory order exists[;]" or (3) "for review ... of an order of the trial court ruling on a motion for appropriate relief." N.C. R. App. P. 21.
The State contends that certiorari is not proper in this case. Citing to State v. Biddix , --- N.C. App. ----, 780 S.E.2d 863 (2015), and State v. Ledbetter , --- N.C. App. ----, 794 S.E.2d 551 (2016) (per curiam), appeal docketed , No. 402PA15-2 (N.C. Dec. 22, 2016), the State asserts that because none of the grounds enumerated in Rule 21 encompass Defendant's challenge to the validity of his guilty plea, this Court is unable to hear Defendant's argument absent our invocation of Rule 2. See Ledbetter , --- N.C. App. at ----, 794 S.E.2d at 555 ("Under the current language of Appellate Rule 21, no procedural mechanism exists under that Rule to issue the discretionary writ of certiorari to review the trial court's judgment entered upon Defendant's guilty plea under N.C. Gen. Stat. § 15A-1444(e), without further exercising our discretion to invoke Rule 2 to suspend the Rules."); Biddix, --- N.C. App. at ----, 780 S.E.2d at 870 ("Appellate Rule 21 does not address guilty pleas or N.C. Gen. Stat. § 15A-1444(e). It does not provide a procedural avenue for a party to seek appellate review by certiorari of an issue pertaining to the entry of a guilty plea.").
We acknowledged in Biddix that this Court has not always been consistent on the issue of whether it has the authority to grant certiorari to consider the validity of guilty pleas. See Biddix , --- N.C. App. at ----, 780 S.E.2d at 866-67 (collecting cases). Additionally, we stated in Ledbetter that although the Supreme Court's recent decisions in State v. Stubbs , 368 N.C. 40, 770 S.E.2d 74 (2015), and State v. Thomsen , --- N.C. ----, 789 S.E.2d 639 (2016), demonstrate that this Court has jurisdiction to grant certiorari based upon grounds not explicitly set forth in Rule 21, Rule 21 still "provide[s] this Court with a procedure and mechanism to guide our discretion to grant or deny a petition to issue the writ of certiorari under the jurisdiction the appellate courts are 'empowered' to exercise under our Constitution and statutes." Ledbetter , --- N.C. App. at ----, 794 S.E.2d at 555. In short, Biddix and Ledbetter held that the ability of this Court to grant certiorari was constrained-as a procedural matter rather than a jurisdictional matter-by the grounds set forth in Rule 21.
Rule 2 provides that "[t]o prevent manifest injustice to a party ... either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of [the North Carolina Rules of Appellate Procedure] in a case pending before it upon application of a party or upon its own initiative...." N.C. R. App. P. 2. In the present case, we elect to invoke Rule 2 and address the merits of Defendant's appeal.
II. Validity of Guilty Plea
Defendant's sole argument on appeal is that the trial court erred in accepting his guilty plea because it failed to inform him of the minimum sentence for his convictions as set forth in the structured sentencing grid. "A plea of guilty involves the waiver of several fundamental rights, including freedom from self-incrimination and the right to a trial by jury. It is therefore imperative that guilty pleas represent a voluntary, informed choice." State v. Santos , 210 N.C. App. 448, 450-51, 708 S.E.2d 208, 210 (2011) (citation and quotation marks omitted). For these reasons, N.C. Gen. Stat. § 15A-1022 imposes several requirements on a trial court before it may accept a guilty plea. Among these duties is that the trial court must inform the defendant of "the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge [.]" N.C. Gen. Stat. § 15A-1022(a)(6) (2015) (emphasis added).
A violation of N.C. Gen. Stat. § 15A-1022, however, does not always render a guilty plea invalid as "[o]ur Courts have rejected a ritualistic or strict approach in applying these standards and determining remedies associated with violations of G.S. § 15A-1022. Even when a violation occurs, there must be prejudice before a plea will be set aside." State v. McNeill , 158 N.C. App. 96, 103, 580 S.E.2d 27, 31 (2003) (internal citation omitted).
Here, Defendant has failed to establish that his guilty plea was accepted in violation of N.C. Gen. Stat. § 15A-1022 much less demonstrate that he was actually prejudiced by such a violation. He argues that the trial court failed to inform him of the minimum sentence he faced under the sentencing grid of the Structured Sentencing Act. See N.C. Gen. Stat. § 15A-1340.17 (2015). While we have held that N.C. Gen. Stat. § 15A-1022 requires trial courts to inform defendants of any mandatory minimum sentence prescribed by statute , see, e.g. , State v. Bozeman , 115 N.C. App. 658, 660, 446 S.E.2d 140, 142 (1994) (holding that trial court violated N.C. Gen. Stat. § 15A-1022(a)(6) by "omitt[ing] mention of the mandatory minimum term of seven years applicable to the offense of drug trafficking" as then provided for in N.C. Gen. Stat. § 90-95(h)(3) ), Defendant cites no legal authority-nor are we aware of any-holding that N.C. Gen. Stat. § 15A-1022 requires trial courts to inform defendants as to the minimum term of imprisonment they face based upon the applicable sentencing range specified in the structured sentencing grid.
As quoted above, N.C. Gen. Stat. § 15A-1022(a)(6) provides that the trial court is required to inform a defendant "of the mandatory minimum sentence, if any , on the charge[.]" N.C. Gen. Stat. § 15A-1022(a)(6) (emphasis added). This language demonstrates that the requirement only applies to offenses that are not subject to our State's structured sentencing scheme because the General Assembly has specifically prescribed a "mandatory minimum sentence" for those crimes. See, e.g ., N.C. Gen. Stat. § 90-95(h) (2015) (providing mandatory minimum sentences based upon type and weight of controlled substance trafficked); N.C. Gen. Stat. § 20-138.5(b) (2015) ("A person convicted of [habitual impaired driving] shall be punished as a Class F felon and shall be sentenced to a minimum active term of not less than 12 months of imprisonment[.]").
In the present case, there is no statutorily prescribed mandatory minimum sentence for the offenses to which Defendant pled guilty: felony breaking or entering, felony larceny, and obtaining property by false pretenses. Therefore, the trial court was under no duty to inform Defendant of a "mandatory minimum sentence" as none existed. Accordingly, we find no violation of N.C. Gen. Stat. § 15A-1022(a)(6) and reject Defendant's contention that his guilty plea was not knowing and voluntary.
Conclusion
For the reasons stated above, we conclude that the trial court did not err in accepting Defendant's guilty plea.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge McCULLOUGH concur.
Judge McCULLOUGH concurred in this opinion prior to 24 April 2017.