BRYANT, Judge.
 

 *329
 
 Where no procedural mechanism exists under Rule 21 to issue the discretionary writ of certiorari to review the trial court's judgment entered upon defendant's guilty plea, we exercise
 
 *158
 
 our discretion to invoke Rule 2 to suspend the rules and address the merits of defendant's appeal. Assuming
 
 arguendo
 
 the trial court erred in advising defendant that he had a right to appeal the court's denial of his
 
 pro se
 
 motion to dismiss, we hold defendant has failed to establish prejudicial error.
 

 On 2 January 2015 around 4:30 a.m., Blair Mincey observed defendant Israel John Rogers and another person breaking into her Honda Accord and called the Wilmington Police Department. An officer responded and observed defendant breaking into another vehicle, a GMC Yukon. Defendant fled. After a short chase, defendant was apprehended and placed under arrest.
 

 Defendant was indicted for two counts of breaking or entering a motor vehicle, one count of resisting a public officer, and for having attained habitual felon status. Subsequently, defendant "was sent up to Butner for an evaluation to see if he was competent to stand trial[.]" On 10 August 2016, the forensic psychiatrist who examined defendant reported that he believed defendant to be capable of proceeding.
 

 Defendant's cases came on for trial during the 19 September 2016 session of New Hanover County Superior Court, the Honorable Jay D. Hockenbury, Judge presiding. Defendant asked his attorney to file a motion to dismiss for lack of subject matter jurisdiction, but his attorney refused as she "felt the motions were frivolous and without merit[.]"
 
 [1]
 
 At defendant's request, his attorney filed a motion to withdraw.
 

 *330
 
 When defendant's case was called, the court addressed defendant directly, informing defendant that he would be permitted to file his motion to dismiss for lack of jurisdiction and put it in the record. The court also advised defendant that his attorney, as an officer of the court, believed his "motions [were] frivolous and it would be a waste of the Court's time for her to spend time to make a formal motion to dismiss based on subject matter, or that the Court has no jurisdiction over [defendant], and therefore, she is not going to file those motions." The trial court advised defendant he could give his attorney any documents that he wanted filed, and then denied defense counsel's motion to withdraw.
 

 The trial court received four handwritten documents from defendant. Defendant was allowed to "make any arguments that he want[ed] to make for the record," and defendant did so. The trial court declared the documents provided no basis for dismissing the charges and denied defendant's
 
 pro se
 
 motion to dismiss. The State then offered a plea to defendant, which provided that he would plead guilty to all the charges, the offenses would be consolidated for judgment, and a sentence of twenty-three to forty months would be imposed.
 

 After a break, defendant personally addressed the court again, stating he had additional motions to make based on previously filed documents. Defendant said he wanted to make an additional motion concerning the "legitimacy of the claims brung [sic] against [him] before [he] could take the plea." The trial court responded by stating that
 

 I made my ruling denying your motion to dismiss on those two grounds [ (lack of subject matter jurisdiction and lack of in personam jurisdiction) ]. So it's all in the record, and
 
 when this case is over with you have the right to appeal my ruling
 
 , and this is part of the-part of the file that I'm sure will be looked at by someone as part of the appellate process.
 

 (Emphasis added). Thereafter, defendant chose to accept the State's plea offer, and the trial court proceeded to conduct a plea colloquy with defendant-who entered an Alford plea-and to hear a factual basis for the plea from the State. The plea colloquy included the following: "THE COURT: Do you understand following a plea of guilty there are limitations on your right to appeal? DEFENDANT: Yes, Sir." Then, the trial court advised
 
 *159
 
 defendant of the maximum possible punishment-176 months plus 60 days.
 
 *331
 
 The trial court accepted defendant's
 
 Alford
 
 plea and ordered it recorded, finding that it was "the informed choice of the defendant, and the plea [was] made freely, voluntarily, and understandingly." The trial court sentenced defendant in accordance with the terms of his plea. Thereafter, defendant purported to file written notice of appeal on 28 September 2016. Subsequently, defendant filed a petition for writ of certiorari to this Court on 15 May 2017, and the State filed a motion to dismiss the appeal on 23 May 2017.
 

 Jurisdiction
 

 As an initial matter, we must determine whether this appeal is properly before this Court.
 

 1.
 
 Appeal as of Right
 

 The State has filed a motion to dismiss on the basis that, per state statute, a defendant who pleads guilty generally does not have a right to appeal. N.C. Gen. Stat. § 15A-1444(e) (2015) ;
 
 see
 

 State v. Pimental
 
 ,
 
 153 N.C. App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002) (noting that a criminal defendant's right to appeal is purely a creation of state statute). We agree.
 

 Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied,
 
 the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court
 
 , but he may petition the appellate division for review by writ of certiorari.
 

 N.C.G.S. § 15A-1444(e) (emphasis added). Further, a defendant who pleads guilty does not have a right to appeal whether the trial court erred in determining his guilty plea was knowing and voluntary,
 
 State v. Bolinger
 
 ,
 
 320 N.C. 596
 
 , 601,
 
 359 S.E.2d 459
 
 , 462 (1987) ;
 
 State v. Santos
 
 ,
 
 210 N.C. App. 448
 
 , 450,
 
 708 S.E.2d 208
 
 , 210 (2011), nor does he have a right to appeal whether the trial court erred in denying his motion to dismiss,
 
 State v. Shepley
 
 ,
 
 237 N.C. App. 174
 
 , 177,
 
 764 S.E.2d 658
 
 , 660 (2014). Defendant concedes that he is not entitled to an appeal
 
 as of right
 
 , acknowledging that "[a]ppellate review is contingent upon this Court granting [his] petition for writ of certiorari as to one, or both, of these issues." Thus, defendant's appeal is subject to dismissal.
 
 See
 

 State v. Demaio
 
 ,
 
 216 N.C. App. 558
 
 , 561,
 
 716 S.E.2d 863
 
 , 865 (2011) ("A 'defendant is not entitled
 
 as a matter of right
 
 to appellate review of
 
 *332
 
 his contention that the trial court improperly accepted his guilty plea.' " (emphasis added) (quoting
 
 Bolinger
 
 ,
 
 320 N.C. at 601
 
 ,
 
 359 S.E.2d at
 
 462 )).
 

 2.
 
 Petition for Writ of Certiorari
 

 Defendant, however, has filed a petition for writ of certiorari. Pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, this Court may, in its discretion, issue a writ of certiorari if one of the following circumstances applies: "when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief." N.C. R. App. P. 21(a)(1) (2017). "A petition for the writ must show merit or that error was probably committed below."
 
 State v. Rouson
 
 ,
 
 226 N.C. App. 562
 
 , 563-64,
 
 741 S.E.2d 470
 
 , 471 (2013) (quoting
 
 State v. Grundler
 
 ,
 
 251 N.C. 177
 
 , 189,
 
 111 S.E.2d 1
 
 , 9 (1959) ) (denying the defendant's petition for writ of certiorari where the defendant failed to bring forth a meritorious argument or reveal error in the trial court's denial of his motion to suppress and in the acceptance of his guilty pleas).
 

 "[O]ur Supreme Court has held that when a trial court improperly accepts a guilty plea, the defendant 'may obtain appellate review of this issue only upon grant of a writ of certiorari.' "
 
 Demaio
 
 ,
 
 216 N.C. App. at 562
 
 ,
 
 716 S.E.2d at 866
 
 (citation omitted) (quoting
 
 Bolinger
 
 ,
 
 320 N.C. at 601
 
 ,
 
 359 S.E.2d at
 
 462 ). The State, in response to defendant's petition, argues that the writ should not issue in this case; the State asserts that, even assuming the trial court erred in advising defendant he could appeal the denial of his motion to dismiss, defendant has failed to show how his decision to plead guilty was based on this advice, or that it otherwise invalidated his
 
 *160
 
 plea where defendant averred that he entered the plea of his own free will, fully understanding what he was doing. The State nevertheless acknowledges that Rule 21 does not restrict this Court's
 
 jurisdiction
 
 to review a trial court's judgment or order by certiorari.
 
 See
 

 State v. Stubbs
 
 ,
 
 368 N.C. 40
 
 , 44,
 
 770 S.E.2d 74
 
 , 76 (2015) ("[W]hile Rule 21 might appear at first glance to limit the jurisdiction of the Court of Appeals, the Rules cannot take away jurisdiction given to that court by the General Assembly in accordance with the North Carolina Constitution.").
 

 Indeed, although recent Supreme Court decisions demonstrate that this Court has jurisdiction to grant certiorari on grounds not explicitly set forth in Rule 21,
 
 see, e.g.
 
 ,
 
 State v. Thomsen
 
 ,
 
 369 N.C. 22
 
 , 26-27,
 
 789 S.E.2d 639
 
 , 642-43 (2016) ;
 
 Stubbs
 
 ,
 
 368 N.C. at 43-44
 
 ,
 
 770 S.E.2d at 76
 
 ,
 
 *333
 
 this Court's jurisprudence is far from clear in terms of whether this Court has the authority to grant certiorari to consider the validity of guilty pleas.
 
 See
 

 State v. Biddix
 
 ,
 
 244 N.C. App. 482
 
 , 485-89,
 
 780 S.E.2d 863
 
 , 866-67 (2015) (discussing Appellate Rule 21 ).
 

 In
 
 State v. Ledbetter
 
 (
 
 Ledbetter III
 
 ), --- N.C. App. ----,
 
 794 S.E.2d 551
 
 (per curiam),
 
 stay granted
 
 ,
 
 369 N.C. 484
 
 ,
 
 794 S.E.2d 527
 
 (2016), this Court, on remand from the Supreme Court of North Carolina, was tasked with reconsidering this Court's earlier dismissal of the defendant's appeal,
 
 see
 

 State v. Ledbetter
 
 (
 
 Ledbetter I
 
 ),
 
 243 N.C. App. 746
 
 ,
 
 779 S.E.2d 164
 
 (2015),
 
 rev. allowed and remanded by
 

 369 N.C. 79
 
 ,
 
 793 S.E.2d 216
 
 (2016) (
 
 Ledbetter II
 
 )-in light of
 
 Stubbs
 
 and
 
 Thomsen
 
 (which both addressed "the appellate courts' jurisdiction to issue the writ of certiorari upon the State's petition, where statutorily authorized, after the trial court granted both defendants' MAR[,]"
 
 Ledbetter III
 
 , --- N.C. App. at ----, 794 S.E.2d at 554 )-in order to review the defendant's petition for writ of certiorari seeking review of her motion to dismiss, made prior to entry of her guilty plea to DWI,
 
 see
 

 Ledbetter III
 
 , --- N.C. App. at ----, 794 S.E.2d at 553. In so doing, this Court in
 
 Ledbetter III
 
 framed the issue and concluded as follows:
 

 The issue in the present case does not pertain to the existence of appellate
 
 jurisdiction
 
 under the statutes. Rather, the issue pertains to the "govern[ing] procedure" and processes available to properly exercise our jurisdiction and guide our discretion of whether to issue a writ of certiorari, following a defendant's guilty plea. N.C. Rule App. P. Rule 1(b) (2016). Defendant's petition, purportedly under N.C. Gen. Stat. § 15A-1444(e), does not invoke any of the three grounds set forth in Appellate Rule 21 to guide this Court's discretion to issue the writ under this Rule to review her guilty plea.
 

 We are without a procedural basis to do so, without invoking Rule 2 to suspend the Rules....
 

 ....
 

 Under the current language of Appellate Rule 21, no procedural mechanism exists under that Rule to issue the discretionary writ of certiorari to review the trial court's judgment entered upon Defendant's guilty plea under N.C. Gen. Stat. § 15A-1444(e), without further exercising our discretion to invoke Rule 2 to suspend the Rules....
 

 *334
 
 ....
 

 This Court's jurisdiction to hear and consider issues raised by a party is often broader, but not necessarily synonymous, with the procedural framework under our appellate rules. The appellate rules are replete with circumstances in which this Court possesses jurisdiction, but the rules procedurally do not allow appellate review without invoking Rule 2....
 

 ....
 

 Although the statute provides jurisdiction, this Court is without a procedural process under either Rule 1 or 21 to issue the discretionary writ under these facts, other than by invoking Rule 2.
 

 In the further exercise of our discretion under the facts before us, we decline to invoke Rule 2 to suspend the requirements of the appellate rules to issue the writ of certiorari.
 

 Id.
 
 at ----, 794 S.E.2d at 554-55 (citations omitted);
 
 see
 

 State v. Perry
 
 , No. COA16-862,
 
 2017 WL 1650125
 
 , *2-3 (N.C. Ct. App. May 2, 2017) (unpublished) (relying on
 
 *161
 

 Ledbetter III
 
 , invoking Rule 2 in order to review the defendant's argument that the trial court erred in accepting his guilty plea because it failed to inform him of the minimum sentence of his convictions, and finding that the defendant failed to establish that his guilty plea was accepted in violation of statute or that he was prejudiced thereby).
 
 But see
 

 State v. Jones
 
 , --- N.C. App. ----, ----,
 
 802 S.E.2d 518
 
 , 523 (2017) ("We have examined both
 
 Biddix
 
 and
 
 Ledbetter
 
 and conclude that these cases fail to follow the binding precedent established by
 
 Stubbs
 
 , and as a result, do not control the outcome in the present case. In this case, as in
 
 Stubbs
 
 , although defendant has a statutory right to apply for a writ of certiorari to obtain review of his sentence, Appellate Rule 21 does not include this circumstance [ (defendant's appeal of the sentencing proceeding conducted upon his entry of a guilty plea) ] among its enumerated bases for issuance of the writ. We find the present case to be functionally and analytically indistinguishable from that of
 
 Stubbs
 
 and hold that, pursuant to the opinion of our Supreme Court in
 
 Stubbs
 
 , this Court has jurisdiction to grant defendant's petition for a writ of certiorari. In the exercise of our discretion, we choose to grant [the defendant's] petition.").
 

 Notably, while the facts in the instant case seem to more closely parallel those at issue in
 
 Ledbetter
 
 -a motion to dismiss is denied, the
 
 *335
 
 defendant enters a guilty plea, the defendant appeals and files a petition for writ of certiorari for review of the trial court's denial of the motion to dismiss-
 
 Ledbetter
 
 did not contend with (and neither did
 
 Jones
 
 , for that matter) the additional wrinkle in the analysis facing this Court in the instant case-defendant's argument that his guilty plea is invalid based on the trial court's assurance that defendant could appeal its denial of his motion to dismiss.
 

 There appear to be three alternatives available to this Court in order to satisfactorily address the issues currently before us: (1) follow the reasoning in
 
 Jones
 
 , which in turn relies on the reasoning in
 
 Stubbs
 
 , and grant defendant's petition for writ of certiorari; (2) follow the reasoning in
 
 Ledbetter
 
 , deny defendant's petition for writ of certiorari, and decline to invoke Rule 2; or (3) follow the reasoning in
 
 Ledbetter
 
 , but invoke Rule 2 to review the validity of defendant's guilty plea. Complicating the matter is the fact that our appellate courts have also held that when a trial court improperly accepts a guilty plea, the defendant "may obtain appellate review of this issue only upon grant of a writ of certiorari[,]"
 
 see
 

 Demaio
 
 ,
 
 216 N.C. App. at 562
 
 ,
 
 716 S.E.2d at 866
 
 (citation omitted) (quoting
 
 Bolinger
 
 ,
 
 320 N.C. at 601
 
 ,
 
 359 S.E.2d at
 
 462 ), and neither
 
 Stubbs
 
 ,
 
 Ledbetter
 
 , nor
 
 Jones
 
 addresses this precise and narrow issue in discussing Appellate Rule 21. Additionally, the general rule that we are bound by the prior opinions of this Court which have decided the "same issue,"
 
 see
 

 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989), is not helpful in the instant case where
 
 Jones
 
 dismissed
 
 Ledbetter III
 
 (and
 
 Biddix
 
 ) as they "fail[ed] to follow the binding precedent established by
 
 Stubbs
 
 ," a North Carolina Supreme Court case, and, as a result, this Court in
 
 Jones
 
 concluded those cases did not control. --- N.C. App. at ----,
 
 802 S.E.2d at 523
 
 .
 

 However, where the facts in
 
 Ledbetter
 
 are arguably more analogous (and applicable) to those in the instant case,
 
 compare
 

 Ledbetter III
 
 , --- N.C. App. at ----, 794 S.E.2d at 553 (involving the defendant's attempt to appeal the
 
 denial of a motion to dismiss
 
 followed by entry of a guilty plea),
 
 with
 

 Jones
 
 , --- N.C. App. at ----,
 
 802 S.E.2d at 520
 
 (involving the "defendant's right to seek the issuance of a writ of certiorari in order to obtain appellate review of the
 
 sentencing proceeding
 
 conducted upon his entry of a plea of guilty" (emphasis added)), we conclude that no procedural mechanism exists under Rule 21 to issue the discretionary writ of certiorari to review the trial court's judgment entered upon defendant's guilty plea, but also exercise our discretion to invoke Rule 2 to suspend the Rules and address the merits of defendant's appeal. N.C. R. App. P. 2 (2017) ("To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may
 
 *336
 
 ... suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative....");
 
 see
 

 *162
 

 Ledbetter III
 
 , --- N.C. App. at ----, 794 S.E.2d at 555 (citations omitted);
 
 see also
 

 Perry
 
 ,
 
 2017 WL 1650125
 
 , at *2.
 

 Ordinarily, this Court invokes Rule 2 "[t]o prevent manifest injustice,"
 
 see
 
 N.C. R. App. P. 2 (2017); here, we invoke Rule 2 to "expedite decision in the public interest," that is, to reach the merits in order to caution the trial court as it advises litigants-especially
 
 pro se
 
 litigants or litigants submitting
 
 pro se
 
 filings-on their right to appeal, to make sure no plea is entered with the expectation of a right to appeal where no right exists.
 

 _________________________
 

 Defendant contends his
 
 Alford
 
 plea was not entered voluntarily or intelligently because the trial court erroneously advised him that he had the right to appeal the court's denial of his
 
 pro se
 
 motion to dismiss. Assuming
 
 arguendo
 
 the trial court erred, we find this error harmless for the reasons stated herein.
 

 Pursuant to N.C. Gen. Stat. § 15A-1022, "a superior court judge may not accept a plea of guilty or no contest from [a] defendant without first addressing him personally and[,]" among other things "[d]etermining that he understands the nature of the charge" and "[i]nforming him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced...."
 

 Id.
 

 § 15A-1022(a)(2), (6) (2015). The guilty plea must be "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court."
 
 State v. Smith
 
 ,
 
 352 N.C. 531
 
 , 550-51,
 
 532 S.E.2d 773
 
 , 786 (2000) (quoting
 
 Brady v. United States
 
 ,
 
 397 U.S. 742
 
 , 755,
 
 90 S.Ct. 1463
 
 , 1472,
 
 25 L.Ed.2d 747
 
 , 760 (1970) ).
 

 In the instant case, defendant agreed to plead guilty pursuant to the plea agreement, the trial court advised him of the maximum possible punishment,
 
 see
 
 N.C.G.S. § 15A-1022(a)(6), and defendant averred that he entered the plea of his own free will,
 
 see
 

 id.
 

 at § 15A-1022(a)(2). It is also true that the trial court told defendant that he would have the right to appeal the ruling denying his
 
 pro se
 
 motion to dismiss. However, the trial court also advised defendant-and defendant indicated he understood-that pleading guilty would place limitations on his right to appeal, contradicting its earlier statement that defendant would "have the right to appeal [the trial court's] ruling."
 

 Accordingly, we agree with defendant that the trial court erroneously advised him that he had the right to appeal the denial of his
 
 pro se
 

 *337
 
 motion to dismiss after entering an
 
 Alford
 
 plea. However, having granted review of this issue pursuant to Rule 2, we hold that any error by the trial court is harmless.
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). Questions of subject matter jurisdiction are reviewed
 
 de novo
 
 .
 
 Harris v. Matthews
 
 ,
 
 361 N.C. 265
 
 , 271,
 
 643 S.E.2d 566
 
 , 570 (2007).
 

 "Subject-matter jurisdiction 'involves the authority of a court to adjudicate the type of controversy presented by the action before it.' "
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) (quoting
 
 Haker-Volkening v. Haker
 
 ,
 
 143 N.C. App. 688
 
 , 693,
 
 547 S.E.2d 127
 
 , 130 (2001) ). "Subject-matter jurisdiction derives from the law that organizes a court and cannot be conferred on a court by action of the parties or assumed by a court except as provided by that law."
 

 Id.
 

 (citation omitted).
 

 "The superior court has exclusive, original jurisdiction over
 
 all criminal actions
 
 not assigned to the district court division by this Article...." N.C. Gen. Stat. § 7A-271 (2015) (emphasis added). "In criminal cases, a valid indictment gives the trial court its subject matter jurisdiction over the case."
 
 In re M.S.
 
 ,
 
 199 N.C. App. 260
 
 , 262 n.2,
 
 681 S.E.2d 441
 
 , 443 n.2 (2009) (citing
 
 In re Griffin
 
 ,
 
 162 N.C. App. 487
 
 , 493,
 
 592 S.E.2d 12
 
 , 16 (2004) ).
 

 On his motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction, defendant made the following argument, in pertinent part:
 

 The reason why I say they have lack of jurisdiction, because at the time I was born, I was born a natural-a natural born American sovereign citizen. All right? I
 
 *163
 
 never contracted at the time of birth with a birth certificate or Social Security number.
 

 ....
 

 ... I am convinced that they have lack of jurisdiction, I never contracted with the U.S. I never had anything in my name. The United States is a corporation. All right. The United States do not own me. They did not make me. I was birthed by my mother, who mated with my father....
 

 ....
 

 *338
 
 And the reason why I say lack of jurisdiction is that common use of this term "persons" does not include the sovereign and statute employed with ordinary not be construed with do so. Title 1, United States Code, Section 1, Note 12,
 
 United States v. United Mine Workers
 
 on
 
 330 U.S. 258
 
 ,
 
 67 S.Ct. 677
 
 , apostrophe,
 
 91 L.Ed. 884
 
 (1947). They said this is a form of diplomatic immunity. While you are not excused for the consequences of any legitimate crimes when you may....
 

 ....
 

 ...-legitimate crimes when you may commit against real parties and which you call (unintelligible) to another citizen as a sovereign, you cannot be forced to comply with arbitrary administrative regulations imposed by Congress on federal citizens. All right.
 

 ....
 

 Then once the prosecutors can prove that I contracted with the State willingly and intelligently, with full disclosure of the facts, then we can move on to the next step, talking about the charges brung [sic] against the persons....
 

 THE COURT: All right. For those reasons you don't feel that the State of North Carolina has jurisdiction over you to try the case; is that right, Mr. Rogers?
 

 THE DEFENDANT: Yes, sir[.]
 

 Defendant's argument failed to present a coherent, legally recognized challenge to the trial court's jurisdiction. For example, defendant did not challenge the validity of the indictments in the instant case, which, if defective or invalid, would deprive the trial court of jurisdiction to enter judgment.
 
 See
 

 In re M.S.,
 

 199 N.C. App. at
 
 262 n.2,
 
 681 S.E.2d at
 
 443 n.2 ("[A] facially invalid indictment deprives the trial court of jurisdiction to enter judgment in a criminal case." (quoting
 
 State v. McKoy
 
 ,
 
 196 N.C. App. 650
 
 , 654,
 
 675 S.E.2d 406
 
 , 410 (2009) )). Here, defendant presents no argument that negates the authority of the trial court to exercise personal and subject matter jurisdiction over defendant in the instant case. Defendant's argument is overruled.
 

 NO PREJUDICIAL ERROR.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 Defendant's jurisdictional argument appears to be based on defendant's perceived status of himself as a "sovereign citizen." "[S]o-called 'sovereign citizens' are individuals who believe they are not subject to courts' jurisdiction[.] ... [C]ourts repeatedly have been confronted with sovereign citizens' attempts to delay judicial proceedings, and summarily have rejected their legal theories as frivolous."
 
 State v. Faulkner
 
 , --- N.C. App. ----, ----,
 
 792 S.E.2d 836
 
 , 842 (2016) (alterations in original) (quoting
 
 United States v. Davis
 
 ,
 
 586 Fed.Appx. 534
 
 , 537 (11th Cir. 2014) ).