IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1112

Filed: 6 October 2020

Forsyth County, No. 12 CRS 53205-6; 14 CRS 8

STATE OF NORTH CAROLINA

       v.

RAYMOND DAKIM-HARRIS JOINER

Appeal by defendant from judgments entered 20 March 2014 by Judge John O. Craig III in Forsyth County Superior Court. Heard in the Court of Appeals 22 September 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Forrest Fallanca, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

TYSON, Judge.

Raymond Dakim-Harris Joiner ("Defendant") appeals from judgments entered after a jury's verdict finding him guilty of two counts of felonious breaking and entering, two counts of larceny after breaking and entering, larceny of goods over $1,000, and non-felonious larceny. We find no error in the jury's verdicts and sentences imposed, but remand for the correction of a clerical error.

I. Background

Two break-ins occurred at two separate student dormitory rooms at Wake Forest University on 2 April 2012. The first break-in occurred at Bostick Hall around 1:00 p.m. While the student was asleep, Defendant stole her backpack, which contained: a Lenovo ThinkPad laptop computer, graphic calculator, textbooks and pencil case. A housekeeper and another student saw Defendant leaving the student's room.

The second break-in occurred around 1:40 p.m., on the opposite side of campus, in Taylor Hall. The student was not present in the room. Defendant stole the student's MacBook Pro laptop, laptop charger, and five Xbox games.

At approximately 2:00 p.m., two Wake Forest University officers observed Defendant. Defendant threw the backpack and ran. Inside the backpack, the officers discovered the first student's Lenovo laptop. They also found the second student's MacBook Pro laptop, computer charger, Xbox games, and earbuds. The items were eventually returned to the respective students. Defendant was arrested later that evening. He admitted he regularly sells stolen computers.

Defendant was indicted for two counts of felonious breaking and entering, two counts of larceny after breaking and entering, two counts of larceny of goods over $1,000, and habitual felony breaking and entering.

At the conclusion of the State's case-in-chief, Defendant's counsel moved to dismiss all charges "based on insufficiency of the evidence." The trial court denied the motion. Defendant did not present evidence and renewed his motion to dismiss.

On 20 March 2020, the jury convicted Defendant of: felony breaking and entering, felony larceny after breaking and entering, and felony larceny of property worth more than $1,000 for breaking into Bostick Hall.

Regarding the theft from the second student's room in Taylor Hall, the jury convicted Defendant of felony breaking and entering, felony larceny after breaking and entering, and non-felonious larceny. Defendant was also convicted for habitual breaking and entering. The trial court consolidated the felonies and sentenced Defendant to an active sentence of two consecutive terms of 50 to 72 months.

Defendant timely filed his written notice of appeal on 21 March 2020. Four days later, the State filed a motion for appropriate relief ("MAR") seeking to arrest judgment on the felony larceny of property worth more than $1,000 and the non-felonious larceny conviction. On 14 April 2020, the trial court granted the State's MAR and amended the judgment. The amended judgment arrested judgment on Defendant's convictions of felony larceny of goods over $1,000 and for non-felonious larceny.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2019).

### III. Issues

Defendant argues the trial court erred by: (1) amending the judgments when notice of appeal had been entered; and, (2) entering a judgment for four counts of larceny when the State only proved two felonies.

### IV. Jurisdiction to Amend Judgment

#### A. Standard of Review

"Questions of subject matter jurisdiction are reviewed *de novo*." *State v. Rogers*, 256 N.C. App. 328, 337, 808 S.E.2d 156, 162 (2017) (citation omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 609 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).

#### B. Analysis

Defendant argues the trial court erred by amending the judgment when notice of appeal had already been entered.

> A court must have subject matter jurisdiction in order to decide a case. Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act. As a result, subject matter jurisdiction may be raised at any time, whether at trial or on appeal, *ex mero motu*.

*State v. Sellers*, 248 N.C. App. 293, 300, 789 S.E.2d 459, 465 (2016) (alterations, citations, and internal quotation marks omitted).

Our general statutes provide: "The jurisdiction of the trial court with regard to the case is divested, except as to actions authorized by G.S. 15A-1453, when notice of appeal has been given and the period described in (1) and (2) has expired." N.C. Gen. Stat. § 15A-1448(a)(3) (2019). Our rules of appellate procedure allow a written notice of appeal to be filed up to fourteen days after the entry of a judgment in a criminal case. N.C. R. App. P. 4(a)(2). The trial court retains jurisdiction until a notice of appeal has been given and fourteen days have passed. *State v. Lebeau*, ___ N.C. App. ___, ___,843 S.E.2d 317, 319-20 (2020). The State may file a motion for appropriate relief for any error which may be asserted on appeal within ten days of the judgment. N.C. Gen. Stat. § 15A-1416 (2019).

Defendant asserts the trial court was divested of jurisdiction when he entered the written notice of appeal. On 25 March 2014, the State filed a MAR to amend the judgments within the statutory allowed ten-day period after the judgment. N.C. Gen. Stat. § 15A-1416(a)(2019). The trial court was not divested of jurisdiction until fourteen days until after it had ruled on the State's MAR. N.C. Gen. Stat. § 15A-1448(a)(2) (2019) (when a proper motion for appropriate relief is made, the case shall remain open for the taking of an appeal until the court has ruled on the motion). We hold the State timely filed the MAR within ten days of the judgment in accordance

with N.C. Gen. Stat. §15A-1416. Further, we hold the trial court properly retained jurisdiction to issue its 10 April 2014 order on the State's MAR in accordance with N.C. Gen. Stat. §15A-1448(a)(2).

## V. Defendant's Motion to Dismiss

Defendant argues the trial court erred by denying his motion to dismiss because the State only proved two individual takings. The State's MAR and the trial court's order address the duplicity of the charges for the same acts. "A single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place. In such instances the constitutional guarantee against double jeopardy prohibits multiple convictions." *State v. Froneberger*, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986) (internal citations omitted).

Defendant correctly asserts the multiple larceny convictions from each breaking and entering charge was improper. In the present case, the State correctly responds this issue is moot. A case is moot when "a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cty. Realtors Ass'n, Inc*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (citations omitted).

The State's MAR requested the court to arrest judgment on the two duplicate larceny charges, leaving one remaining larceny charge for each felonious breaking

and entering charge. The trial court properly arrested judgment on the duplicate larceny charges. Defendant's motion for insufficient evidence to prove multiple larceny charges is moot because the trial court's order on the State's MAR arrested judgment of the duplicate larceny charges.

"Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law." *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994) (citation omitted). "If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action." *Id.* (citations omitted).

Defendant offers no argument regarding our mootness doctrine or any exceptions to the mootness doctrine. The relief Defendant seeks on appeal is the same relief previously granted to him in the trial courts order. Defendant's argument is dismissed as moot.

## VI. Clerical Error

The jury found Defendant guilty of habitual breaking and entering. The AOC judgment form provides a numerical list of the offenses with check boxes for each item. The form states: "The Court: . . . 3. adjudges the defendant to be a habitual felon to be sentenced[.]" The next line states "4. adjudges the defendant to be an

habitual breaking and entering status offender, to be sentenced as a Class E felon." Form AOC-CR-601. The judgment form should have been marked as "4" in accordance with the jury finding and sentence, but instead it was marked as "3." The amended judgments have box "3" checked adjudicating Defendant to be a habitual felon. Although Defendant was properly sentenced as a Class E felon and not under the habitual felon provisions, the trial court should have checked box "4" to correspond with Defendant being a habitual breaking and entering status offender.

"A clerical error is defined as an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Gillespie*, 240 N.C. App. 238, 245, 771 S.E.2d 785, 790 (2015) (alterations, citations, and internal quotation marks omitted).

"When, on appeal, a clerical error is discovered in the trial court judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith,* 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and internal quotation marks omitted). The State concedes the judgment contained a clerical error. We remand for the correction of the clerical error on the judgment forms. *Id.*

## VII. <u>Conclusion</u>

The trial court possessed jurisdiction to rule on the State's MAR under N.C. Gen. Stat. § 15A-1416. Defendant's argument on the sufficiency of the evidence is

resolved and moot.

The trial court allowed the State's MAR and arrested judgment on the duplicate larceny charges. Defendant received a fair trial, free from prejudicial errors he preserved and argued.

We find no error in the jury's verdicts and sentences imposed by the trial court. We remand for the limited purpose of correcting the above described clerical error on each AOC form for the habitual breaking and entering. *It is so ordered*.

NO ERROR; REMAND FOR THE CORRECTION OF CLERICAL ERROR.

Judges DIETZ and MURPHY concur.