STATE OF NORTH CAROLINA v. ROLAND PATRICK COBBINS

No. 8321SC708

(Filed 21 February 1984)

**1. Criminal Law § 77.1— conversation competent as admission by defendant**

In a prosecution for hit and run in which defendant allegedly attempted to run over a State's witness and struck the witness's girl friend, a conversation between defendant and the witness wherein the witness accused defendant of breaking into his girl friend's apartment and defendant threatened to kill the witness was competent as an admission by defendant and was relevant as tending to show his motive for the hit and run.

**2. Criminal Law §§ 69, 77.1— telephone conversations—proper foundation—competency as admissions by defendant**

A proper foundation was laid for the admission of defendant's telephone conversations with two State's witnesses where the witnesses testified that they were familiar with and recognized the voices of their respective callers, and the conversations were competent as admissions by defendant and were relevant to explain defendant's later actions against the witnesses.

**3. Criminal Law § 43— diagram of crime scene**

A diagram of the crime scene was properly admitted to illustrate the testimony of a witness.

**4. Criminal Law § 42.2— pistol barrel—sufficiency of identification**

A witness's testimony that during the evening of the crime, he picked up a barrel of an old gun and pointed it at defendant and defendant's brother in an attempt to scare them and that a State's exhibit was the pistol barrel in question constituted sufficient identification of the pistol barrel for its admission into evidence without showing of a chain of custody.

**5. Criminal Law § 50— testimony not invasion of province of jury**

A witness's testimony that defendant stopped hitting him with a bat when he pulled out a pistol barrel because "I guess he figured that it was a gun" involved a preliminary fact and did not invade the province of the jury.

**6. Criminal Law § 73.2— testimony not hearsay**

Testimony that defendant informed his brother that a pistol barrel pulled out by the witness was not a gun was not inadmissible hearsay since it was not offered to prove the truth of the matter asserted.

**7. Criminal Law § 81— use of report to refresh memory—best evidence rule inapplicable**

The best evidence rule did not apply to an officer's use of her investigation report to refresh her recollection.

**8. Criminal Law § 77.2— exclusion of self-serving declaration**

The trial court did not err in sustaining the State's objection to cross-examination of an officer as to whether defendant had told her what happened during the evening in question since it appears that the excluded testimony would have been a self-serving declaration at a time when defendant had not yet testified, and since the excluded testimony was not placed in the record.

**9. Criminal Law § 131.1— hit and run driving—sufficiency of evidence**

The State produced plenary evidence supporting the inference that defendant knew he had hit and caused injury to another person so as to support conviction of defendant for failing to stop immediately at the scene when defendant was the driver of a vehicle involved in an accident or collision which resulted in injury to another. G.S. 20-166(a).

**10. Criminal Law § 86.2— impeachment of defendant and witness—general question about prior convictions**

The trial court did not err in permitting the prosecutor to cross-examine defendant and his brother by asking a general question as to what they had been tried and convicted of in a court of law without restricting the questions to specific crimes and dates.

**11. Criminal Law § 86.3— defendant's prior convictions—sifting the witness**

When defendant testified on cross-examination about several prior convictions and then stated that he couldn't say what else he had been convicted of

because it had been a while, the prosecutor's question as to whether defendant had so many that he couldn't remember constituted a proper "sifting" of the witness by further cross-examination.

**12. Criminal Law § 86.5— impeachment of defendant—threats to witnesses**

The prosecutor was properly permitted to cross-examine defendant for impeachment purposes concerning threatening remarks defendant had made to two of the State's witnesses.

APPEAL by defendant from *Mills, Judge.* Judgment entered 17 March 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 18 January 1984.

Defendant was convicted, pursuant to G.S. 20-166, for failing to stop immediately at the scene when he was the driver of a vehicle involved in an accident or collision which resulted in injury to another.

The State's evidence tended to show:

At around 6:30 p.m. on 19 November 1982, defendant and State's witness, Malcolm Warren, quarreled after Warren accused defendant of breaking into his girlfriend's apartment. Defendant threatened Warren, telling him he would kill him. Shortly thereafter, Warren received a telephone call at home from defendant, in which defendant again threatened to kill him.

At around 7:00 p.m. on 19 November 1982, defendant and his brother, Reginald, drove to a convenience store where Angela Grimes, Warren's girlfriend, worked. Defendant told Ms. Grimes that he and his brother planned to beat up Warren and asked her if she knew where he was. Defendant grabbed Ms. Grimes by the neck, pushed her to the floor, and knocked a crockpot of chili and a stand of confectioneries to the floor. Ms. Grimes telephoned Warren, told him what had happened, and asked him to come to the store.

Warren arrived at the store at around 8:30 p.m. Soon thereafter, defendant and Reginald came to the store. They chased Warren out of the store, caught him, and defendant began beating him with a bat. Warren tried to scare his attackers by pointing a pistol barrel at them. When the brothers realized, however, that Warren did not have a gun, they continued their attack.

After some time, a group of people at a Dunkin Donuts across the street from the store's parking lot became aware of

the fight and began yelling to break it up. Defendant and Reginald ran to their car. Ms. Grimes ran out of the store to find out if Warren, doubled up in the parking lot, was all right.

From his position, Warren saw defendant drive away with his brother in the passenger seat. Defendant then turned around, and with the car lights off, drove toward Ms. Grimes and Warren at a high rate of speed. Warren grabbed Ms. Grimes, pulled her out of the way, but she was hit by the car in her leg. The parking lot was well lit and nothing therein could have blocked a driver's view. A witness, standing fifty to seventy-five yards away, saw and heard the collision. Afterwards, defendant drove away without stopping.

Defendant's evidence tended to show: On 19 November 1982, defendant and Reginald drove to the convenience store where Ms. Grimes worked, in order to get gas. Reginald went into the store and began fighting with Warren. Warren pulled out a gun, but dropped it during the fight. Outside the store, Warren pulled a knife on Reginald. Defendant snatched the knife away and threw it to the ground. Defendant and his brother then ran to their car and defendant drove straight away.

*Attorney General Edmisten, by Lucien Capone, III, Assistant Attorney General, for the State.*

*Alice E. Patterson, for the defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant first contends that the trial court erred by admitting testimony, over defendant's objection, about a conversation between defendant and Warren. Specifically, defendant contends that the conversation wherein Warren accused him of breaking into Ms. Grimes' apartment was inadmissible hearsay, irrelevant, and prejudicial. We find no merit in defendant's contention.

Defendant's statements during his conversation with Warren were admissible against him as admissions. *See* 2 Brandis on North Carolina Evidence § 167 (1982). Defendant's statements were, furthermore, relevant, tending to show his motive in the hit-and-run. *See State v. Willard,* 293 N.C. 394, 238 S.E. 2d 509 (1977).

[2]   Defendant next contends that the trial court erred by admitting testimony, over defendant's objections, regarding alleged telephone calls made by defendant and defendant's brother in that no proper foundation was laid and the substance of such telephone conversations was hearsay and irrelevant. Defendant's contention has no merit.

Specifically, defendant objects to testimony relating to three telephone calls: Warren testified about two calls he had received, one from defendant and one from defendant's brother. Ms. Grimes testified about a call she had received from defendant. Both Warren and Grimes testified that they were familiar with and recognized the voices of their respective callers. Recognition of a caller's voice is sufficient to establish identity and lay the proper foundation for admitting a subsequent conversation. *Manufacturing Co. v. Bray*, 193 N.C. 350, 137 S.E. 151 (1927); *see* 1 Brandis on North Carolina Evidence, § 96 (1982). Defendant's telephone conversations were, furthermore, admissible as admissions and were relevant in helping to explain defendant's later actions.

Upon defendant's request, the trial court instructed the jury to disregard the substance of the telephone conversation Warren had with defendant's brother. This was a proper instruction; defendant's brother was not a party to the action and his statements, therefore, constituted hearsay.

Defendant also objects to testimony by Police Officer Norris regarding her interview with Warren, wherein Warren told her of his telephone conversation with defendant. The record shows that upon defendant's objection, the trial judge instructed the jury that the officer's testimony would be "allowed in for the purpose of corroboration of other witnesses," but that if it did not corroborate what had already been said, to "disregard it." The instruction was correct; the officer's testimony was properly admitted for the limited purpose of corroboration.

[3]   Defendant next contends that the trial court erred by admitting into evidence a diagram of the crime scene. The record shows that the diagram was introduced to help illustrate Warren's testimony and that Warren testified to the diagram's accuracy. Defendant's contention, therefore, has no merit. *See Tankard v. R. R.*, 117 N.C. 558, 23 S.E. 46 (1895).

[4] Defendant next contends that the trial court erred by admitting into evidence State's Exhibit Two, a pistol barrel, before it had been sufficiently identified. There are no simple standards for determining whether "real evidence" sought to be admitted has been sufficiently identified as being the object involved in the incident in question. The trial judge has discretion to determine the standard of certainty necessary to show that the object offered is the same as the object involved in the incident and that the object has remained unchanged prior to trial. *State v. Harbison*, 293 N.C. 474, 238 S.E. 2d 449 (1977). Warren testified that during the evening of the crime, he picked up a barrel of an old gun and pointed it at defendant and defendant's brother in an attempt to scare them. He identified State's Exhibit Two as the pistol barrel in question. Warren's testimony was sufficient identification of the pistol barrel to permit it into evidence without showing a chain of custody. *See State v. Silhan*, 302 N.C. 223, 275 S.E. 2d 450 (1981). We find no abuse of discretion on the part of the trial judge.

[5] Warren testified, during direct examination, that defendant had been beating him with a bat when Warren pulled out the pistol barrel and told defendant to "knock it out or I'll kill you." At that point, defendant stopped swinging the bat "because," Warren testified, "I guess he figured that it was a gun." Defendant argues that Warren's testimony as to what the defendant "figured" was Warren's opinion, and thus, inadmissible. Generally, a lay witness is not allowed to give his opinion on the very question which the jury will decide. *Wood v. Insurance Co.*, 243 N.C. 158, 90 S.E. 2d 310 (1955). Warren's testimony, which involved a preliminary fact, did not invade the jury province. Defendant was not prejudiced by and we find no error in Warren's description of what happened prior to the commission of the crime for which defendant was charged.

[6] Warren testified that defendant's brother realized that the pistol barrel was not a gun and so informed his brother. Defendant argues that Warren's testimony as to what Reginald told his brother was inadmissible hearsay. We disagree. Warren's testimony was not "offered to prove the truth of the matter asserted," and thus, was not hearsay. *See State v. Miller*, 282 N.C. 633, 194 S.E. 2d 353 (1973); 1 Brandis on North Carolina Evidence § 138 (1982). Similarly, Ms. Grimes' testimony that Reginald said "that's

right," while Reginald and defendant were in the convenience store was not hearsay, and thus, admissible.

[7] Defendant next contends that it was error, under the best evidence rule to allow Officer Norris to refresh her recollection by using a copy of her investigation report. Defendant's contention has no merit. The best evidence rule applies only where the contents or terms of a document are in question; the rule does not apply when a document is used merely to trigger a witness' memory and is not even offered into evidence. *See State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970); 2 Brandis on North Carolina Evidence § 191 (1982).

[8] During cross-examination, defense counsel asked Officer Norris if defendant had told her what had happened during the evening of 19 November. The trial judge sustained the State's objection to the question. Defendant contends that Officer Norris' testimony would have shown that Warren was the aggressor in the fight between Warren and defendant and that the exclusion of such testimony denied him of his right to cross-examination. Defendant's contention has no merit. First, it appears that the excluded testimony would have been a self-serving declaration at a time when defendant had not yet testified. As such, it was properly excluded. *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551 (1976), *reconsideration denied*, 293 N.C. 259, 243 S.E. 2d 143 (1977). Furthermore, the answer that Officer Norris would have given, had she been allowed, was not placed in the record. We have no way to determine, therefore, whether such ruling was prejudicial. *Id.*

[9] Defendant contends that the trial court erred in denying his motions to dismiss, made both at the close of the State's evidence and at the close of all the evidence. In a prosecution under G.S. 20-166(a), the State must prove that the defendant knew (1) that he had been involved in an accident or collision and (2) that a person was killed or physically injured in the collision. The knowledge required may be actual or implied. *State v. Fearing*, 304 N.C. 471, 284 S.E. 2d 487 (1981). Implied knowledge can be inferred from the circumstances of an accident. *Id.* The State produced plenary evidence supporting the inference that defendant knew he had hit and caused injury to Ms. Grimes. The trial court was correct in submitting the case to the jury.

[10] Defendant next contends that the trial court erred by permitting the district attorney to cross-examine defendant and his brother about their prior convictions, without restricting his questions to specific crimes and dates. We find no merit in defendant's contention. The district attorney asked defendant and his brother, "What have you been tried and convicted of in a court of law?" Although such questions were broad in scope, there is no indication that they were asked in bad faith. A criminal defendant and any other witness who testified may be cross-examined regarding prior criminal convictions. *State v. Murray*, 21 N.C. App. 573, 205 S.E. 2d 587 (1974).

[11] When the district attorney was cross-examining defendant about his prior convictions, defendant testified as to several offenses before the following exchange occurred:

> [Defendant]: I can't really say what else because I don't really know. It's been a while.
>
> [Mr. Cole]: So many you can't remember, is that a fair statement?

Defendant argues that the district attorney's question was improperly admitted over his objection and prejudiced the defendant. We find no error. Although the State is bound by a defendant's answer when he denies prior convictions, defendant here did not deny his prior convictions. It is an acceptable practice, as exemplified here, to press or "sift" a witness by further cross-examination. *State v. Fountain*, 282 N.C. 58, 191 S.E. 2d 674 (1972).

[12] Defendant next contends that the trial court erred by permitting the district attorney to question defendant and Officer Norris about threatening remarks defendant made to two of the State's witnesses. We find no error. When a criminal defendant elects to testify in his own behalf, he is subject to cross-examination for purposes of impeachment regarding prior criminal acts or misconduct for which there is no conviction. *State v. Royal*, 300 N.C. 515, 268 S.E. 2d 517 (1980).

The trial court procedures were entirely proper; contrary to defendant's contentions, therefore, the judgment and sentence defendant received were also proper.

No error.

Judges WEBB and JOHNSON concur.