IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-229

 Filed: 17 December 2019

Cleveland County, Nos. 15CRS988-90, 16CRS213

STATE OF NORTH CAROLINA,

 v.

PAUL EDWARD DAWKINS, Defendant.

 Appeal by Defendant from judgment entered 11 September 2017 by Judge

Forrest D. Bridges in Cleveland County Superior Court. Heard in the Court of

Appeals 17 October 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kimberly
 Randolph, for the State-Appellee.

 Anne Bleyman for Defendant-Appellant.

 COLLINS, Judge.

 Defendant Paul Edward Dawkins appeals from the trial court’s 11 September

2017 judgment entered upon his (1) convictions for one count of possession with intent

to sell or deliver cocaine and one count of sale or delivery of cocaine, (2) guilty pleas

to two counts of both possession with intent to sell and deliver cocaine and sale and

delivery of cocaine, and (3) admission to having attained habitual felon status.

Defendant contends that the trial court erred by admitting certain real evidence and
 STATE V. DAWKINS

 Opinion of the Court

by entering a judgment containing clerical errors. We discern no error at trial, but

remand to the trial court for the correction of the clerical errors.

 I. Background

 On 23 January 2015, Detective Jeffrey Scism of the City of Shelby Police

Department Vice/Narcotics Unit (along with other law enforcement officers)

coordinated a controlled drug-buy operation with the assistance of a paid confidential

informant. During the operation, the informant purchased a substance in the form

of a small rock from Defendant, whom the officers had suspected of dealing narcotics.

Following the buy, the informant gave the rock to Scism, who field tested it as

presumptive positive for cocaine. Scism placed the rock in a small evidence bag and

later catalogued the evidence and arranged to have it sent to the State Bureau of

Investigation (“SBI”) for further analysis.

 Defendant was indicted in Cleveland County Superior Court on 11 May 2015

for three counts of possession with intent to sell and deliver cocaine and three counts

of sale and delivery of cocaine, all in violation of N.C. Gen. Stat. § 90-95(a)(1). On

9 May 2016, Defendant was also indicted for having attained habitual felon status as

set forth N.C. Gen. Stat. § 14-7.1.

 One of each of the possession with intent to sell and deliver cocaine and sale

and delivery of cocaine charges came on for trial on 11 January 2017. At trial, the

State introduced its Exhibit 6, an evidence bag which Scism testified contained the

 -2-
 STATE V. DAWKINS

 Opinion of the Court

substance he received from the informant on the date of the drug buy and sent off to

the SBI in the form of an “off-white-colored small rock.” Scism testified that the

substance had been smashed, but that it was “substantially the same” as the rock.

Defendant objected to the admission of Exhibit 6, arguing that Scism’s admission that

the substance was in a different form at trial than it was when Scism received it from

the informant meant that Scism could not reliably testify that the substance in

Exhibit 6 was what the informant gave him, and that Scism therefore could not

authenticate Exhibit 6. The trial court admitted Exhibit 6 over Defendant’s objection.

State’s witness Deborah Chancey, an SBI Crime Laboratory Technician, later

testified that she had tested Exhibit 6 and concluded that it contained cocaine base,

as indicated in State’s Exhibit 7, Chancey’s laboratory report containing the results

of her test. The jury subsequently returned verdicts finding Defendant guilty of both

charges.1

 Later that day, Defendant pled guilty to the other charges and admitted to

having attained habitual felon status, and the trial court sentenced Defendant on the

charges as an habitual felon. The trial court consolidated the sale or delivery charges

 1Although Defendant was indicted for “possess[ion] with intent to . . . sell and deliver” cocaine
and “sale and delivery” of cocaine, and was thereafter convicted of “POSSESSION WITH INTENT TO
SALE [sic] OR DELIVER COCAINE” and “SELL OR DELIVER COCAINE” (emphases added), this
Court has said that such convictions are proper. See State v. Mercer, 89 N.C. App. 714, 715-16, 367
S.E.2d 9, 10-11 (1988) (“It is proper for a jury to return a verdict of possession with intent to sell or
deliver under [N.C. Gen. Stat. §] 90-95(a)(1). Such a verdict is no less proper when the indictment
charges possession with intent to sell and deliver since the conjunctive ‘and’ is acceptable to specify
the exact bases for the charge.” (citations omitted)).

 -3-
 STATE V. DAWKINS

 Opinion of the Court

under one count and, after adjudging Defendant to be an habitual felon, sentenced

him thereupon to 96 to 128 months’ imprisonment. The trial court also consolidated

the possession charges and sentenced Defendant thereupon. The judgment

concerning the possession charges was subsequently struck and reentered several

times, ultimately resulting in the 11 September 2017 judgment from which

Defendant now appeals.

 The 11 September 2017 judgment concerning the possession charges gave

Defendant a mitigated Class D sentence of 76 to 104 months’ imprisonment, but

(1) while indicating that Defendant “ADMITTED TO HABITUAL FELON” status,

does not include an indication that the trial court adjudged Defendant an habitual

felon, and (2) while finding that mitigating factors existed as contemplated “on the

attached AOC-CR-605” form, does not appear to have such a form attached.2

 Defendant filed a petition for a writ of certiorari with this Court seeking to

belatedly appeal from the judgments, and we allowed Defendant’s petition.

 II. Discussion

 In his brief on appeal, Defendant argues that the trial court erred by

(1) admitting Exhibit 6 over his objection and (2) entering the 11 September 2017

judgment without indicating (a) that Defendant had been adjudged an habitual felon

 2 No AOC-CR-605 form (or other document indicating the mitigating factors found by the trial
court) is attached to the 11 September 2017 judgment included in the record on appeal.

 -4-
 STATE V. DAWKINS

 Opinion of the Court

and (b) which mitigating factors the Court found to justify a reduction of Defendant’s

sentence. We address each argument in turn.

 A. Exhibit 6

 Under North Carolina Rule of Evidence 901, “[t]he requirement of

authentication or identification as a condition precedent to admissibility is satisfied

by evidence sufficient to support a finding that the matter in question is what its

proponent claims.” N.C. Gen. Stat. § 8C-1, Rule 901(a) (2017). Our Supreme Court

has said:

 [A] two-pronged test must be satisfied before real evidence
 is properly received into evidence. The item offered must
 be identified as being the same object involved in the
 incident and it must be shown that the object has
 undergone no material change. The trial court possesses
 and must exercise sound discretion in determining the
 standard of certainty that is required to show that an object
 offered is the same as the object involved in the incident
 and is in an unchanged condition. A detailed chain of
 custody need be established only when the evidence offered
 is not readily identifiable or is susceptible to alteration and
 there is reason to believe that it may have been altered.
 Further, any weak links in a chain of custody relate only to
 the weight to be given evidence and not to its admissibility.

State v. Campbell, 311 N.C. 386, 388-89, 317 S.E.2d 391, 392 (1984) (citations

omitted). We review a trial court’s decision to admit real evidence over an objection,

whether regarding the evidence’s authenticity or the chain of custody, for abuse of

discretion. State v. Cobbins, 66 N.C. App. 616, 621, 311 S.E.2d 653, 657 (1984)

(“There are no simple standards for determining whether real evidence sought to be

 -5-
 STATE V. DAWKINS

 Opinion of the Court

admitted has been sufficiently identified as being the object involved in the incident

in question. The trial judge has discretion to determine the standard of certainty

necessary to show that the object offered is the same as the object involved in the

incident and that the object has remained unchanged prior to trial.” (quotation marks

omitted)); State v. Hawk, 236 N.C. App. 177, 180, 762 S.E.2d 883, 885 (2014) (“We

review a trial court’s decision to admit evidence over an objection concerning the

chain of custody for an abuse of discretion.”). Abuse of discretion occurs when the

trial court’s ruling was “so arbitrary that it could not have been the result of a

reasoned decision.” State v. Hayes, 314 N.C. 460, 471, 334 S.E.2d 741, 747 (1985).

 Defendant argues that because (1) the substance within Exhibit 6 “was not

readily identifiable, was susceptible to alteration, and had actually been altered” and

(2) no one within the chain of custody testified as to how or when the substance within

Exhibit 6 changed from a rock to a powder, Exhibit 6 was not properly authenticated,

and its admission was accordingly reversible error.

 Defendant’s argument fails for a number of reasons. First, the Campbell Court

set forth that trial courts need only concern themselves with “material change[s]” to

real evidence. Campbell, 311 N.C. at 388, 317 S.E.2d at 392. Scism identified the

substance within Exhibit 6 as the substance he received from the informant on the

day of the drug buy, although he noted that that the substance had been smashed.

Our cases that have dealt with the admissibility of drugs that have been smashed

 -6-
 STATE V. DAWKINS

 Opinion of the Court

have held that such impacts do not amount to material changes raising admissibility

concerns. E.g., State v. Johnson, No. COA17-1306, 2018 N.C. App. LEXIS 857, at *7

(N.C. Ct. App. 2018) (unpublished) (discerning no error from admission of crack-

cocaine rocks that the officer testified had “kind of been mashed” and were “kind of

pressed together[,]” holding that those impacts upon the drugs “did not constitute

evidence that the substance had been materially altered”); see also State v. Hairston,

No. COA06-184, 2006 N.C. App. LEXIS 2393, at *4 (N.C. Ct. App. 2006) (unpublished)

(upholding admission of crack-cocaine rocks that had been crushed by the SBI during

the analysis process). We similarly conclude that Defendant has not shown that the

substance within Exhibit 6 underwent a material change raising admissibility

concerns, and that the trial court therefore did not abuse its discretion by admitting

Exhibit 6. See State v. Carr, 122 N.C. App. 369, 374, 470 S.E.2d 70, 74 (1996)

(determination of “[w]hether the substance in question has undergone a material

change is subject to the exercise of the trial court’s sound discretion.”).

 Second, even assuming arguendo that the change to the form of the substance

within Exhibit 6 revealed at trial was material, and that the State was accordingly

required to establish a chain of custody, Campbell, 311 N.C. at 389, 317 S.E.2d at

392, the record demonstrates that the State did so. Defendant argues that the State

had issues locating Exhibit 6 and getting it to the courtroom on the day of Defendant’s

trial. The record shows, however, that the State did ultimately get the evidence to

 -7-
 STATE V. DAWKINS

 Opinion of the Court

the courtroom. At the trial, with Exhibit 6 in front of them, Scism and Chancey both

testified regarding the procedures they usually use with such evidence and that the

procedures they used with the substance within Exhibit 6 conformed to their usual

procedures. Further: (1) Scism testified that Exhibit 6 reflected his individual seal

indicating that it was the bag into which Scism initially placed the drugs, which he

sealed before sending it to the SBI for analysis; and (2) Chancey testified that she

unsealed Exhibit 6 upon receipt, tested the substance contained within, placed the

substance back into Exhibit 6, resealed it, and then placed the resealed bag within

State’s Exhibits 4 and 5, SBI envelopes which also arrived in the courtroom sealed

with Chancey’s seal. With this testimony, the State established the requisite chain

of custody, and Defendant’s chain-of-custody argument accordingly fails. See also id.

(“any weak links in a chain of custody relate only to the weight to be given evidence

and not to its admissibility”).

 Finally, “[e]rroneous admission of evidence only entitles the defendant to a new

trial if she can show that the error was prejudicial. Such an error is prejudicial when

there is a reasonable possibility that, had the error in question not been committed,

a different result would have been reached at the trial out of which the appeal arises.”

Hawk, 236 N.C. App. at 180, 762 S.E.2d at 885 (internal quotation marks and

citations omitted). As mentioned above, Chancey testified that Exhibit 7 is her

laboratory report indicating that the substance she received from Scism and tested

 -8-
 STATE V. DAWKINS

 Opinion of the Court

was cocaine base. Defendant has challenged neither the trial court’s admission of

Exhibit 7 nor Chancey’s testimony about Exhibit 7. Because he has not, and because

the record establishes that Chancey received and tested the substance within Exhibit

6 in the same form in which Scism received the substance from the informant, Exhibit

7 and Chancey’s authentication thereof provide compelling evidence to support

Defendant’s convictions, regardless of whether Exhibit 6 was received into evidence

at trial or not.

 Both Scism and Chancey testified that when they handled the substance

within Exhibit 6 before the trial, it was in the form of a small rock. The record

therefore establishes that the rock was smashed at some point after it underwent

chemical analysis in Chancey’s SBI laboratory. That the substance within Exhibit 6

was in the form of a rock when Chancey performed her analysis confirming that the

substance was cocaine base means that Exhibit 7’s conclusions are not subject to

concerns regarding the subsequent change in form. Accordingly, Exhibit 7 and

Chancey’s authentication thereof support our conclusion that it is not reasonably

possible that, had the trial court refused to admit Exhibit 6, a different result would

have been reached at Defendant’s trial. Thus, even if the trial court’s admission of

Exhibit 6 had been error—which it was not—the error would not be prejudicial to

Defendant, and would not entitle Defendant to a new trial.

 -9-
 STATE V. DAWKINS

 Opinion of the Court

 For the aforementioned reasons, we reject Defendant’s arguments regarding

Exhibit 6.

 B. Clerical errors

 Because Defendant’s convictions and pleas regarding the Class H felony

possession charges resulted in a Class D sentence, the trial court was required to

specify the reason for the sentence enhancement within the judgment, i.e., that

Defendant had attained habitual felon status within the meaning of N.C. Gen. Stat.

§ 14-7.1. Defendant concedes both that (1) he admitted to having attained habitual

felon status and (2) the trial court’s failure to adjudge Defendant an habitual felon

was merely clerical error. We therefore agree with Defendant that remand is

appropriate to correct this clerical error. See State v. Smith, 188 N.C. App. 842, 845,

656 S.E.2d 695, 696 (2008) (“When, on appeal, a clerical error is discovered in the

trial court’s judgment or order, it is appropriate to remand the case to the trial court

for correction because of the importance that the record speak the truth.” (internal

quotation marks and citations omitted)).

 Defendant also argues that “[a]n AOC-CR-605 form may also need to be

prepared” setting forth the mitigating factors the trial court found justified the

reduction of Defendant’s sentence, and that this, too, constitutes clerical error

requiring remand. As mentioned above, there is no AOC-CR-605 form attached to

the 11 September 2017 judgment included in the record on appeal. To the extent that

 - 10 -
 STATE V. DAWKINS

 Opinion of the Court

the form has not been executed, rather than merely omitted from the record on

appeal, we also instruct the trial court on remand to execute the AOC-CR-605 form

contemplated in the judgment, and thereby to correct that clerical error, as well. See

N.C. Gen. Stat. § 15A-1340.16(c) (2017) (written findings regarding mitigating factors

required when sentence departs from presumptive range under N.C. Gen. Stat.

§ 1340.17(c)(2)).

 III. Conclusion

 Because we conclude that the admission of Exhibit 6 was not error, we affirm

the 11 September 2017 judgment. However, we remand to the trial court with

instructions to mark the appropriate block on the judgment and commitment form

indicating that the trial court adjudged Defendant to be an habitual felon, and to

execute the AOC-CR-605 form contemplated by the 11 September 2017 judgment, if

it has not already done so.

 NO ERROR; REMANDED FOR CORRECTION OF CLERICAL ERROR.

 Judges ARROWOOD and HAMPSON concur.

 - 11 -