STATE OF NORTH CAROLINA v. THADDEUS ANDRE SMITH, DEFENDANT

No. COA07-487

(Filed 19 February 2008)

**1. Sentencing— aggravating factors—clerical errors—remanded**

A sentence for driving while impaired was remanded where there was a clerical error in the designation of aggravating factors on the sentencing form.

**2. Appeal and Error— notice of appeal—dismissal when not given in writing**

Defendant's appeal from civil judgments for attorney fees and appointment fees in an impaired driving prosecution was dismissed where he did not give written notice of appeal from the civil judgments. Rule of Appellate Procedure 3(a).

**STATE v. SMITH**

[188 N.C. App. 842 (2008)]

Appeal by defendant from judgment entered 6 December 2006 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 21 January 2008.

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*

*Russell J. Hollers III for defendant-appellant.*

GEER, Judge.

Defendant Thaddeus Andre Smith appeals from his conviction for driving while impaired and his sentence of two years minimum and two years maximum imprisonment. Defendant's primary argument on appeal is that the evidence does not support the trial court's finding of the two grossly aggravating factors specified on the trial court's sentencing form. There is no dispute that two grossly aggravating factors exist, and it is apparent from the record that the trial court simply inadvertently checked the wrong box on the form. We, therefore, remand for correction of that clerical error. Although defendant has also purported to appeal from the trial court's judgment imposing attorney's fees and appointment fees, since the record contains no notice of appeal from that judgment, we are required to dismiss that part of the appeal.

---

The State presented evidence at trial that tended to show the following facts. On 8 January 2006, a Cabarrus County deputy sheriff drove to Kannapolis to serve an arrest warrant on a Ms. Barriman. On his way to Ms. Barriman's home, he drove behind a vehicle that eventually pulled into Ms. Barriman's driveway. Defendant, who appeared to be the driver, got out of the vehicle holding a can. When the officer asked to speak with defendant about Ms. Barriman, defendant threw down the can, which turned out to be a half-empty beer can.

The officer smelled alcohol on defendant's breath as he spoke with him and noticed that defendant's eyes were glassy and bloodshot. The officer suspected defendant had been driving while impaired and, after performing field sobriety tests, arrested defendant. Defendant ultimately had an Intoxilyzer test result of .10.

[1] Although defendant pled guilty to driving while impaired in Cabarrus County District Court, following sentencing, he gave notice of appeal to superior court for a trial de novo. After the jury found defendant guilty of driving while impaired, the State presented evi-

dence during sentencing that defendant had two prior convictions for driving while impaired dated 14 February 2000 and 30 December 2003. In response, defense counsel argued that *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), required that a jury find beyond a reasonable doubt any grossly aggravating factors.

The trial court rejected defendant's argument on the grounds that *Blakely* permits a judge to determine issues related to a defendant's prior record. The court then found:

> [T]he defendant has—this is his third offense of driving while impaired. Therefore, Level I punishment and that's within the past seven years. In fact, the first one, the conviction date was in 2000, February 14th of 2000. The second one is . . . December 30th, 2003 . . . . Therefore, Level I punishment is appropriate.

Subsequently, when defense counsel asked if the trial court found "two grossly aggravating factors, just the two prior DWIs," the trial court replied:

> Yes, I did. Let's see. He has been convicted of a prior offense involving driving while impaired which occurred within seven years, that's (a). And (b), has two or more convictions. Wait a minute. Well, what you have, it should be (d), which says, if the defendant has two or more convictions within the past seven years, Level I punishment is required under those circumstances.[] So that should be (d).

On the grossly aggravating factors section of the Administrative Office of the Courts form titled "Impaired Driving Determination of Sentencing Factors" ("the sentencing form"), the trial court marked box 1.a. that finds the defendant "has been convicted of a prior offense involving impaired driving which conviction occurred within seven (7) years before the date of this offense." The trial court also marked box 1.d. that finds the defendant "has two or more convictions as described in No. 1.c. (Level One punishment is required.)." Box 1.c. in turn finds that the defendant "has been convicted of an offense involving impaired driving which conviction occurred after the date of the offense for which the defendant is being sentenced but before or contemporaneously with the sentencing in this case." Thus, by checking box 1.d., the trial court effectively found that defendant had two convictions for impaired driving *after* the date of the offense in this case.

As the transcript of the sentencing hearing reveals, however, the trial court actually found that defendant had two or more convictions within the seven years prior to the date of the present offense. Defendant concedes the trial court properly found as the first grossly aggravating factor that he "has been convicted of a prior offense involving impaired driving which conviction occurred within seven (7) years before the date of this offense." The trial court also orally found a second such conviction. The court should, therefore, have checked box 1.b., stating that the defendant "has two or more convictions as described in No. 1.a." The transcript is clear that the trial court simply misread the sentencing form and checked the wrong box.

As such, the trial court committed a clerical error. *See State v. Taylor*, 156 N.C. App. 172, 177, 576 S.E.2d 114, 117-18 (2003) (defining clerical error as " 'an error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination' " (quoting *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000))). When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record " 'speak the truth.' " *State v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999) (quoting *State v. Cannon*, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956)). Accordingly, we remand for correction of the clerical error found on the sentencing form.

[2] In his remaining argument, defendant contends the trial court erred in entering judgment against him for attorney's fees and appointment fees without giving him notice and an opportunity to be heard. Defendant's counsel submitted a fee application for 16.6 hours on 7 December 2006, and the trial court ordered the State of North Carolina to pay defendant's counsel $1,079.00 for services rendered. On 12 December 2006, the court entered a judgment against defendant in the amount of $1,079.00 for attorney fees and a judgment against defendant in the amount of $50.00 for the attorney appointment fee.

These judgments constituted "civil judgment[s]," and, accordingly, defendant was required to comply with Rule 3(a) of the Rules of Appellate Procedure when appealing from those judgments. *State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007). Rule 3(a) provides: "Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special pro-

ceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule." Because defendant failed to give written notice of appeal from these civil judgments entered on 12 December 2006, this Court is without jurisdiction to address the propriety of those judgments. *Abels v. Renfro Corp.*, 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 ("The provisions of [N.C.R. App. P.] 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal."), *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). As a result, defendant's appeal from these civil judgments is dismissed.

No error in part; dismissed in part; remanded for correction of judgment.

Judges TYSON and STEPHENS concur.