BRYANT, Judge.
Where a clerical error exists in the record, we remand for correction of the clerical error. However, where an examination of the record reveals no issues of arguable merit, we otherwise affirm the judgment of the trial court.
Defendant Carl Deion Johnson appeals from judgments entered 6 April 2016 upon his guilty plea to identity theft, possession of cocaine, and attaining the status of an habitual felon. In accordance with defendant's plea arrangement with the State, the trial court sentenced defendant as an habitual felon to a term of twenty-six to forty-four months' imprisonment for possession of cocaine, and to a concurrent term of fifteen to twenty-seven months' imprisonment for identity theft. Defendant filed pro se written notices of appeal on 12 and 18 April 2016.
Recognizing that defendant's pro se written notices of appeal did not conform with the requirements of Rule 4 of our Rules of Appellate Procedure, defendant's appellate counsel filed a petition for writ of certiorari with this Court on 7 October 2016. Counsel argues that defendant's failure to comply with Rule 4 should not be held against him and asks this Court to review defendant's judgments through the issuance of a writ of certiorari. In response, the State filed a motion to dismiss defendant's appeal, arguing that defendant lost his appeal of right because he failed to give proper notice of appeal under Rule 4. The State further argues that this Court should deny defendant's petition for writ of certiorari because he has not presented any meritorious issue on appeal. We agree with the State that defendant's failure to comply with Rule 4 requires the dismissal of his direct appeal for lack of jurisdiction, and we grant the State's motion to dismiss. However, in our discretion, we allow defendant's petition for writ of certiorari to review his criminal judgments.
Counsel appointed to represent defendant on appeal states she is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal (other than a possible clerical issue, see infra ) and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel shows to the satisfaction of this Court that she has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing defendant with the documents necessary to do so. Defendant has not filed any pro se brief with this Court and a reasonable time for him to have done so has passed.
Counsel has identified a clerical error in the trial court's judgments in that although the court orally ordered defendant to pay costs and fees and completed a criminal bill of costs form imposing costs and fees totaling $2,932.50, the judgments entered against him show no costs or fees were entered in the case. We remand for the correction of this clerical error. See State v. Smith , 188 N.C. App. 842, 845-46, 656 S.E.2d 695, 696-97 (2008).
In accordance with Anders and Kinch , we have fully examined the record to determine whether any issues of arguable merit appear therefrom and are unable to find any possible prejudicial error. Accordingly, we affirm the trial court's judgments but remand for the correction of the trial court's clerical error.
AFFIRMED AND REMANDED FOR CORRECTION OF CLERICAL ERROR.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.