DIETZ, Judge.
Defendant Craven Nomor Brothers appeals from a judgment entered upon a jury verdict finding him guilty of possession of a firearm by a felon. We find no prejudicial error in the judgment but remand for correction of a clerical error.
Facts and Procedural History
On 29 April 2016, Pitt County Sheriff's Deputy Nathan Edwards, II, stopped a vehicle with expired registration. Deputy Edwards approached the driver's side door and asked for identification from the driver and from Brothers, who was sitting in the passenger seat. Deputy Edwards then noticed what appeared to be a rifle in the back seat of the vehicle. He opened the rear driver's side door, retrieved the firearm, and informed the occupants of the vehicle that he was going to check if the weapon was stolen. Brothers responded, "man, I just got it out of the shop, it's clea[n]."
Deputy Edwards ran the serial number and determined the rifle was not stolen. However, when he ran Brothers's identification, he discovered that Brothers was a convicted felon. Deputy Edwards called for backup and asked the driver to exit the vehicle to talk. Based on his conversation and observations, Deputy Edwards concluded that Brothers was in possession of the rifle and placed him under arrest.
The State indicted Brothers for possession of a firearm by a felon. After a trial, the jury returned a guilty verdict. The trial court sentenced Brothers to a term of 14 to 26 months in prison but suspended the sentence and placed him on supervised probation for 36 months. Brothers timely appealed.
Analysis
Brothers's appellate counsel filed a no-merit brief in this case, stating that counsel has been "unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal" and asking this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 744 (1967), and State v. Kinch , 314 N.C. 99, 102, 331 S.E.2d 665, 666-67 (1985), by advising Brothers of his right to file written arguments with this Court and providing him with the documents necessary to do so. Brothers did not submit any pro se filings.
In accordance with Anders , we have fully examined the record in search of any issues of arguable merit. We agree with Brothers's counsel that the trial court's judgment is free of prejudicial error.
However, both Brothers and the State concede that there is a clerical error in the judgment and, upon review, we agree. The written judgment mistakenly indicates that the court imposed "community" punishment, rather than the "intermediate" punishment actually imposed by the trial court. "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." State v. Smith , 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008). Accordingly, we remand this case to the trial court with instructions to correct this clerical error identified by the parties.
Conclusion
We find no prejudicial error in the trial court's judgment. We remand for the limited purpose of correcting the clerical error in the written judgment.
NO ERROR; REMANDED FOR CORRECTION OF CLERICAL ERROR.
Report per Rule 30(e).
Judges STROUD and BERGER concur.