BERGER, Judge.
On August 9, 2016, Randy Lee Bunkley ("Defendant") entered into a plea agreement with the State pursuant to which he pleaded guilty to attempted larceny from the person, common law robbery, and possession of oxycodone. Defendant was sentenced as an habitual felon to forty-four to sixty-five months in prison for attempted larceny, and he received a concurrent sentence of twenty-five to thirty-nine months in prison for both common law robbery and possession of oxycodone. Defendant filed a deficient notice of appeal on August 15, 2016. On June 27, 2018, Defendant filed a petition for a writ of certiorari in light of the defects in his appeal. On appeal, Defendant contends that the guilty plea should be vacated because the lack of a verbatim transcript has deprived him of effective appellate review and effective assistance of appellate counsel. We affirm the trial court, but remand for correction of a clerical error in the judgment.
Factual and Procedural Background
On October 12, 2015, Defendant was indicted for larceny from the person, trafficking opium or heroin, driving while license revoked, fictitious license plate, no insurance, no inspection, and having obtained habitual felon status. On August 8, 2016, Defendant's case proceeded to trial. Veronica McClain was the court reporter assigned to Defendant's case. On August 9, 2016, she failed to turn-on her primary recording device and set the secondary recording device to "record over." Thus, the transcript for August 9, 2016 reads in its entirety:
(The hearing recessed at 5:00 p.m., August 8, 2016 and reconvened at 9:00 a.m., August 9, 2016, with all parties present prior to the recess once again present, to include the defendant, and with the exception of the jurors.)
(COURT REPORTER NOTE: Audio files are corrupt. The court reporter notes indicate this hearing was admin in nature and recessed at 9:19 a.m.)
(The hearing recessed at 9:19 a.m. and reconvened at 10:25 a.m., August 9, 2016, with all parties present prior to recess once again present, to include the defendant, and with the exception of the jurors.)
(COURT REPORTER NOTE: Audio files are corrupt. The court reporter notes indicate this hearing was for entry of plea and recessed at 10:40 a.m.).
The record reflects that on August 9, 2016, Defendant informed his attorney that he wanted to plead guilty. He entered into a plea agreement with the State in which he pleaded guilty to attempted larceny from the person, possession of oxycodone, and common law robbery, and he admitted to having obtained habitual felon status. In accordance with the terms of the plea agreement, the remaining charges were dismissed. Defendant was sentenced as an habitual felon to serve forty-four to sixty-five months in prison for attempted larceny. Defendant also received a concurrent sentence of twenty-five to thirty-nine months in prison for both common law robbery and possession of oxycodone.
On August 15, 2016, Defendant filed a hand-written notice of appeal, which failed to comply with Rule 4 of the North Carolina Rules of Appellate Procedure. In light of the defects in his appeal, he filed a petition for a writ of certiorari. On appeal, Defendant contends that his plea should be vacated because the lack of a verbatim transcript, or acceptable alternative, of his guilty plea and sentencing hearing has deprived him of his rights to effective appellate review, effective assistance of appellate counsel, and equal protection and procedural due process under the Fourteenth Amendment of the United States Constitution.
Analysis
"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute." State v. Pimental , 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002). Appeals from superior court judgments entered upon a plea of guilty or no contest are permitted, but limited to certain issues identified in Section 15A-1444 of the North Carolina General Statutes. Section 15A-1444 states in pertinent part:
(a1) A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
(a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
(2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
....
(e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.
N.C. Gen. Stat. § 15A-1444(a1) - (a2), (e) (2016).
"Any party entitled by law to appeal from a judgment ... of a superior or district court rendered in a criminal action may take appeal by ... filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment." N.C.R. App. P. 4(a). The notice of appeal must "specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed ... by any such party not represented by counsel of record." N.C.R. App. P. 4(b). "Our Supreme Court has said that a jurisdictional default, such as a failure to comply with Rule 4, precludes the appellate court from acting in any manner other than to dismiss the appeal." State v. Hammonds , 218 N.C. App. 158, 162, 720 S.E.2d 820, 823 (2012) (citation and quotation marks omitted).
In the present case, Defendant's notice of appeal did not identify the court from which the appeal was taken, did not identify the court to which the appeal was taken, did not contain the case numbers from which he was appealing, and was not filed and served upon the district attorney. In light of the defects in his notice of appeal, Defendant filed a petition for a writ of certiorari in accordance with Rule 21 of the North Carolina Rules of Appellate Procedure.
"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action ...." N.C.R. App. P. 21(a)(1). The power to grant a writ of certiorari "is discretionary and may only be done in appropriate circumstances." Hammonds , 218 N.C. App. at 162, 720 S.E.2d at 823 (citations and quotation marks omitted).
Here, in Defendant's brief filed contemporaneously with his petition for a writ of certiorari, Defendant contends he was prejudiced because he has been unable to procure meaningful appellate review. However, due to his plea of guilty, Defendant is not entitled to appeal as a matter of right. See N.C. Gen. Stat. § 15A-1444(a1) - (a2). He does not suggest that he would be entitled to an appeal under Section 15A-1444 (a1) and (a2), and further, Defendant does not allege that the trial court may have failed to comply with N.C. Gen. Stat. § 15A-1022 (2017)et seq ., which outlines the procedures relating to guilty pleas in superior court.
The record filed by Defendant contains a transcript of the trial up to the point he entered his plea of guilty. The transcript of plea signed by Defendant and his trial counsel is in the record, and contains answers to the questions from the trial court. There is no notation on the transcript of plea that indicates Defendant or the trial court changed any of the responses. Upon the entry of his plea, the trial court sentenced Defendant "within the presumptive range for his prior record or conviction level and class of offense." N.C. Gen. Stat. § 15A-1444(a1) ; see State v. Gardner , 225 N.C. App. 161, 166, 736 S.E.2d 826, 830 (2013) (determining that defendant "mooted any issues that could have been raised on appeal as to her sentence" when she "agreed that the trial court could sentence her in accordance with her [plea] agreement with the State"). Therefore, in our discretion, we deny his petition for a writ of certiorari.
Nonetheless, we note the record contains a clerical error. A clerical error is "an error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination." State v. Smith , 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citations and quotation marks omitted). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."Id. (citations and quotation marks omitted).
Here, the trial court checked the box that Defendant "was found guilty by a jury of" attempted larceny on the judgment form for file number 15CRS050641. However, Defendant's transcript of plea form on which he entered a plea of guilty includes file number 15CRS050641. Moreover, the judgment form for file number 15CRS050641 states that "Defendant entered a plea of guilty after a jury was empaneled." Also, according to the record, the trial court "sentenced the [D]efendant pursuant to the terms and conditions outlined on the plea transcript." The trial court should have checked the box that Defendant "pled guilty." Accordingly, we remand for correction of the clerical error found on the judgment form for file number 15CRS050641.
Conclusion
For the reasons stated above, we deny Defendant's petition for a writ of certiorari, and affirm the trial court. However, we remand for the limited purpose of correcting the clerical error described above.
AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.
Report per Rule 30(e).
Judges HUNTER and DAVIS concur.