IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-1112

 Filed: 6 October 2020

Forsyth County, No. 12 CRS 53205-6; 14 CRS 8

STATE OF NORTH CAROLINA

 v.

RAYMOND DAKIM-HARRIS JOINER

 Appeal by defendant from judgments entered 20 March 2014 by Judge John O.

Craig III in Forsyth County Superior Court. Heard in the Court of Appeals 22

September 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Forrest
 Fallanca, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily
 Holmes Davis, for defendant-appellant.

 TYSON, Judge.

 Raymond Dakim-Harris Joiner (“Defendant”) appeals from judgments entered

after a jury’s verdict finding him guilty of two counts of felonious breaking and

entering, two counts of larceny after breaking and entering, larceny of goods over

$1,000, and non-felonious larceny. We find no error in the jury’s verdicts and

sentences imposed, but remand for the correction of a clerical error.

 I. Background
 STATE V. JOINER

 Opinion of the Court

 Two break-ins occurred at two separate student dormitory rooms at Wake

Forest University on 2 April 2012. The first break-in occurred at Bostick Hall around

1:00 p.m. While the student was asleep, Defendant stole her backpack, which

contained: a Lenovo ThinkPad laptop computer, graphic calculator, textbooks and

pencil case. A housekeeper and another student saw Defendant leaving the student’s

room.

 The second break-in occurred around 1:40 p.m., on the opposite side of campus,

in Taylor Hall. The student was not present in the room. Defendant stole the

student’s MacBook Pro laptop, laptop charger, and five Xbox games.

 At approximately 2:00 p.m., two Wake Forest University officers observed

Defendant. Defendant threw the backpack and ran. Inside the backpack, the officers

discovered the first student’s Lenovo laptop. They also found the second student’s

MacBook Pro laptop, computer charger, Xbox games, and earbuds. The items were

eventually returned to the respective students. Defendant was arrested later that

evening. He admitted he regularly sells stolen computers.

 Defendant was indicted for two counts of felonious breaking and entering, two

counts of larceny after breaking and entering, two counts of larceny of goods over

$1,000, and habitual felony breaking and entering.

 -2-
 STATE V. JOINER

 Opinion of the Court

 At the conclusion of the State’s case-in-chief, Defendant’s counsel moved to

dismiss all charges “based on insufficiency of the evidence.” The trial court denied

the motion. Defendant did not present evidence and renewed his motion to dismiss.

 On 20 March 2020, the jury convicted Defendant of: felony breaking and

entering, felony larceny after breaking and entering, and felony larceny of property

worth more than $1,000 for breaking into Bostick Hall.

 Regarding the theft from the second student’s room in Taylor Hall, the jury

convicted Defendant of felony breaking and entering, felony larceny after breaking

and entering, and non-felonious larceny. Defendant was also convicted for habitual

breaking and entering. The trial court consolidated the felonies and sentenced

Defendant to an active sentence of two consecutive terms of 50 to 72 months.

 Defendant timely filed his written notice of appeal on 21 March 2020. Four

days later, the State filed a motion for appropriate relief (“MAR”) seeking to arrest

judgment on the felony larceny of property worth more than $1,000 and the non-

felonious larceny conviction. On 14 April 2020, the trial court granted the State’s

MAR and amended the judgment. The amended judgment arrested judgment on

Defendant’s convictions of felony larceny of goods over $1,000 and for non-felonious

larceny.

 II. Jurisdiction

 -3-
 STATE V. JOINER

 Opinion of the Court

 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b) and

15A-1444(a) (2019).

 III. Issues

 Defendant argues the trial court erred by: (1) amending the judgments when

notice of appeal had been entered; and, (2) entering a judgment for four counts of

larceny when the State only proved two felonies.

 IV. Jurisdiction to Amend Judgment

 A. Standard of Review

 “Questions of subject matter jurisdiction are reviewed de novo.” State v. Rogers,

256 N.C. App. 328, 337, 808 S.E.2d 156, 162 (2017) (citation omitted). “Under a de

novo review, the court considers the matter anew and freely substitutes its own

judgment for that of the lower tribunal.” State v. Williams, 362 N.C. 628, 632-33, 609

S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).

 B. Analysis

 Defendant argues the trial court erred by amending the judgment when notice

of appeal had already been entered.

 A court must have subject matter jurisdiction in order to
 decide a case. Subject matter jurisdiction is the
 indispensable foundation upon which valid judicial
 decisions rest, and in its absence a court has no power to
 act. As a result, subject matter jurisdiction may be raised
 at any time, whether at trial or on appeal, ex mero motu.

 -4-
 STATE V. JOINER

 Opinion of the Court

State v. Sellers, 248 N.C. App. 293, 300, 789 S.E.2d 459, 465 (2016) (alterations,

citations, and internal quotation marks omitted).

 Our general statutes provide: “The jurisdiction of the trial court with regard to

the case is divested, except as to actions authorized by G.S. 15A-1453, when notice of

appeal has been given and the period described in (1) and (2) has expired.” N.C. Gen.

Stat. § 15A-1448(a)(3) (2019). Our rules of appellate procedure allow a written notice

of appeal to be filed up to fourteen days after the entry of a judgment in a criminal

case. N.C. R. App. P. 4(a)(2). The trial court retains jurisdiction until a notice of

appeal has been given and fourteen days have passed. State v. Lebeau, ___ N.C. App.

___, ___,843 S.E.2d 317, 319-20 (2020). The State may file a motion for appropriate

relief for any error which may be asserted on appeal within ten days of the judgment.

N.C. Gen. Stat. § 15A-1416 (2019).

 Defendant asserts the trial court was divested of jurisdiction when he entered

the written notice of appeal. On 25 March 2014, the State filed a MAR to amend the

judgments within the statutory allowed ten-day period after the judgment. N.C. Gen.

Stat. § 15A-1416(a)(2019). The trial court was not divested of jurisdiction until

fourteen days until after it had ruled on the State’s MAR. N.C. Gen. Stat. § 15A-

1448(a)(2) (2019) (when a proper motion for appropriate relief is made, the case shall

remain open for the taking of an appeal until the court has ruled on the motion). We

hold the State timely filed the MAR within ten days of the judgment in accordance

 -5-
 STATE V. JOINER

 Opinion of the Court

with N.C. Gen. Stat. §15A-1416. Further, we hold the trial court properly retained

jurisdiction to issue its 10 April 2014 order on the State’s MAR in accordance with

N.C. Gen. Stat. §15A-1448(a)(2).

 V. Defendant’s Motion to Dismiss

 Defendant argues the trial court erred by denying his motion to dismiss

because the State only proved two individual takings. The State’s MAR and the trial

court’s order address the duplicity of the charges for the same acts. “A single larceny

offense is committed when, as part of one continuous act or transaction, a perpetrator

steals several items at the same time and place. In such instances the constitutional

guarantee against double jeopardy prohibits multiple convictions.” State v.

Froneberger, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986) (internal citations

omitted).

 Defendant correctly asserts the multiple larceny convictions from each

breaking and entering charge was improper. In the present case, the State correctly

responds this issue is moot. A case is moot when “a determination is sought on a

matter which, when rendered, cannot have any practical effect on the existing

controversy.” Roberts v. Madison Cty. Realtors Ass’n, Inc, 344 N.C. 394, 398-99, 474

S.E.2d 783, 787 (1996) (citations omitted).

 The State’s MAR requested the court to arrest judgment on the two duplicate

larceny charges, leaving one remaining larceny charge for each felonious breaking

 -6-
 STATE V. JOINER

 Opinion of the Court

and entering charge. The trial court properly arrested judgment on the duplicate

larceny charges. Defendant’s motion for insufficient evidence to prove multiple

larceny charges is moot because the trial court’s order on the State’s MAR arrested

judgment of the duplicate larceny charges.

 “Whenever during the course of litigation it develops that the relief sought has

been granted or that the questions originally in controversy between the parties are

no longer at issue, the case should be dismissed, for courts will not entertain an action

merely to determine abstract propositions of law.” Simeon v. Hardin, 339 N.C. 358,

370, 451 S.E.2d 858, 866 (1994) (citation omitted). “If the issues before the court

become moot at any time during the course of the proceedings, the usual response is

to dismiss the action.” Id. (citations omitted).

 Defendant offers no argument regarding our mootness doctrine or any

exceptions to the mootness doctrine. The relief Defendant seeks on appeal is the same

relief previously granted to him in the trial courts order. Defendant’s argument is

dismissed as moot.

 VI. Clerical Error

 The jury found Defendant guilty of habitual breaking and entering. The AOC

judgment form provides a numerical list of the offenses with check boxes for each

item. The form states: “The Court: . . . 3. adjudges the defendant to be a habitual

felon to be sentenced[.]” The next line states “4. adjudges the defendant to be an

 -7-
 STATE V. JOINER

 Opinion of the Court

habitual breaking and entering status offender, to be sentenced as a Class E felon.”

Form AOC-CR-601. The judgment form should have been marked as “4” in

accordance with the jury finding and sentence, but instead it was marked as “3.” The

amended judgments have box “3” checked adjudicating Defendant to be a habitual

felon. Although Defendant was properly sentenced as a Class E felon and not under

the habitual felon provisions, the trial court should have checked box “4” to

correspond with Defendant being a habitual breaking and entering status offender.

 “A clerical error is defined as an error resulting from a minor mistake or

inadvertence, especially in writing or copying something on the record, and not from

judicial reasoning or determination.” State v. Gillespie, 240 N.C. App. 238, 245, 771

S.E.2d 785, 790 (2015) (alterations, citations, and internal quotation marks omitted).

 “When, on appeal, a clerical error is discovered in the trial court judgment or

order, it is appropriate to remand the case to the trial court for correction because of

the importance that the record speak the truth.” State v. Smith, 188 N.C. App. 842,

845, 656 S.E.2d 695, 696 (2008) (citation and internal quotation marks omitted). The

State concedes the judgment contained a clerical error. We remand for the correction

of the clerical error on the judgment forms. Id.

 VII. Conclusion

 The trial court possessed jurisdiction to rule on the State’s MAR under N.C.

Gen. Stat. § 15A-1416. Defendant’s argument on the sufficiency of the evidence is

 -8-
 STATE V. JOINER

 Opinion of the Court

resolved and moot.

 The trial court allowed the State’s MAR and arrested judgment on the

duplicate larceny charges. Defendant received a fair trial, free from prejudicial errors

he preserved and argued.

 We find no error in the jury’s verdicts and sentences imposed by the trial court.

We remand for the limited purpose of correcting the above described clerical error on

each AOC form for the habitual breaking and entering. It is so ordered.

 NO ERROR; REMAND FOR THE CORRECTION OF CLERICAL ERROR.

 Judges DIETZ and MURPHY concur.

 -9-