IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-534

 No. COA20-750

 Filed 5 October 2021

 Nash County, No. 18CRS052175

 STATE OF NORTH CAROLINA

 v.

 TERRY LEE THORNE

 Appeal by Defendant from judgment entered 27 January 2020 by Judge

 Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals

 10 August 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kyle Peterson,
 for the State-Appellee.

 Gilda C. Rodriguez for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Terry Lee Thorne appeals a judgment revoking his probation and

 activating his suspended sentence. Defendant argues that the trial court violated his

 right to confrontation at the probation violation hearing, erred by revoking his

 probation based on a finding of absconding, and erred by revoking his probation based

 on a non-revocable violation. We affirm the trial court’s order. However, we remand

 to the trial court to correct a clerical error in the judgment indicating that each of
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 Defendant’s violations were independently sufficient to support the revocation of

 Defendant’s probation.

 I. Background

¶2 On 7 July 2019, Defendant entered an Alford plea1 to one count of conspiracy

 to obtain property by false pretenses. The trial court sentenced Defendant to 10 to

 21 months in prison, suspended this sentence, and placed Defendant on 36 months of

 supervised probation.

¶3 On 16 August 2019, Officer Eric Phillips, then Defendant’s probation officer,

 filed a Violation Report (“Report”). In the Report, Phillips attested under oath that

 [D]efendant has willfully violated . . . [the] Condition of
 Probation [to] “Not use, possess or control any illegal drug
 or controlled substance unless it has been prescribed for
 the defendant by a licensed physician and is in the original
 container with the prescription number affixed on it . . .” in
 that on August 05, 2019, during a[] routine office visit, the
 offender admitted to using marijuana and cocaine and
 signed the DCC-26 form. When attempting to gain a
 sample, the offender advised that he could not use the
 restroom. PO asked him to have a seat in the lob[b]y until
 he could produce a sample. The defendant left the office
 building without giving a sample. (original capitalization
 omitted).

 1 An Alford plea is a guilty plea in which the defendant does not admit to any criminal

 act, but admits that there is sufficient evidence to convince the judge or jury of the
 defendant’s guilt. See North Carolina v. Alford, 400 U.S. 25, 37 (1970); State v. Baskins, 260
 N.C. App. 589, 592 n.1, 818 S.E.2d 381, 387 n.1 (2018).
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

¶4 On 27 August 2019, Phillips filed an addendum to the Report (“Addendum”) in

 which he attested under oath that

 [D]efendant has willfully violated . . . [the] Regular
 Condition of Probation: General Statute 15A-1343 (b) (3a)
 “Not to abscond, by willfully avoiding supervision or by
 willfully making the supervisee’s whereabouts unknown to
 the supervising probation officer” in that, on August 5,
 2019 the defendant left the office after probation requested
 a drug screen knowing that he would test positive for the
 use of marijuana and admitting the same. To date he has
 failed [to] make any contact with the probation department
 or his officer and has made his whereabouts unknown to
 his supervising officer or the probation department,
 therefore statutory [sic] absconding supervision. (original
 capitalization omitted).

¶5 The trial court held a probation violation hearing on 27 January 2020.

 Defendant admitted that “during a routine office visit, [he had] admitted to using

 marijuana and cocaine on August 5th, 2019, and that when he was asked to provide

 a sample, [he] left the probation office and failed to provide a sample.” Defendant

 denied the allegation that he absconded.

¶6 Jeremy Locus, an employee of Adult Probation and Parole, testified for the

 State. Locus was not Defendant’s supervising parole officer. Neither Phillips nor

 Defendant’s supervising officer at the time of the hearing appeared or testified. When

 Locus testified that he did not personally have any information about the case,

 Defendant objected to further testimony on the grounds that Locus was “going to read

 from a file . . . from somebody,” was “not even involved in the case,” and did not “know
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 any details about the matter[.]” The trial court overruled the objection and permitted

 Locus to testify to the contents of Phillips’ notes.

¶7 According to Phillips’ notes, on 5 August 2019, “[D]efendant was asked to

 provide a drug sample after admitting that he would be positive for marijuana and

 cocaine”; Defendant indicated he could not use the bathroom; and after Phillips asked

 Defendant to wait until he could provide a sample, Defendant left the building and

 did not return. On Sunday, 18 August 2019, Phillips went to Defendant’s last known

 address to locate Defendant, but Defendant was not there. Phillips left a message

 with Defendant’s relatives asking Defendant to report to the probation office by the

 next Wednesday morning, 21 August. Phillips returned to Defendant’s last known

 address on 20 August but was again unable to locate Defendant. Defendant never

 reported to the office.

¶8 Defendant also testified. He acknowledged that he had used marijuana and

 cocaine and had admitted to doing so when he met Phillips on 5 August. Defendant

 testified, however, that Phillips told him he could leave when he was still unable to

 produce a sample after ten to fifteen minutes of waiting in the office. Defendant

 further testified that when Phillips went to his house, Defendant was either working

 or with his nephew, and he had unsuccessfully attempted to set up an appointment

 with Phillips. Defendant acknowledged that he never returned to the probation office
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 but explained that Phillips had told Defendant that he would call and arrange an

 appointment for Defendant to come by.

¶9 Following the hearing, the trial court entered a Judgment and Commitment

 Upon Revocation of Probation. The trial court found that Defendant had violated his

 conditions of probation as alleged in the Report and Addendum, revoked Defendant’s

 probation, and activated his suspended sentence. Defendant filed a notice of appeal

 on 5 February 2020.

 II. Appellate Jurisdiction

¶ 10 We must first address whether Defendant’s appeal is properly before this

 Court. A written notice of appeal in a criminal proceeding must be filed with “the

 clerk of superior court and serv[ed] . . . upon all adverse parties within fourteen days

 after entry of the judgment or order[.]” N.C. R. App. P. 4(a)(2). The notice “shall

 specify the party or parties taking the appeal; shall designate the judgment or order

 from which appeal is taken and the court to which appeal is taken; and shall be signed

 by counsel of record for the party or parties taking the appeal, or by any such party

 not represented by counsel of record.” N.C. R. App. P. 4(b). Compliance with these

 requirements for giving notice of appeal is jurisdictional. State v. Oates, 366 N.C.

 264, 266, 732 S.E.2d 571, 573 (2012).

¶ 11 While Defendant’s pro se notice is signed and specifies that he is the party

 taking appeal, it does not clearly “designate the judgment or order from which appeal
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 is taken and the court to which appeal is taken.” N.C. R. App. P. 4(b). Instead,

 Defendant’s notice states only, “I would like to appeal my probation violation that

 was heard on January 27th, 2020.” Additionally, Defendant failed to properly serve

 his notice of appeal on the State.

¶ 12 Recognizing these defects in the notice of appeal, Defendant has filed a petition

 for a writ of certiorari seeking this Court’s review of the 27 January 2020 judgment.

 This Court may issue a writ of certiorari “in appropriate circumstances . . . to permit

 review of the judgments and orders of trial tribunals when the right to prosecute an

 appeal has been lost by failure to take timely action[.]” N.C. R. App. P. 21(a)(1). In

 our discretion, we grant Defendant’s petition and review the merits of his appeal.

 III. Discussion

 A. Confrontation Right

¶ 13 Defendant first argues that the trial court violated his right under N.C. Gen.

 Stat. § 15A-1345(e) to confront Phillips by permitting Locus to testify over

 Defendant’s objection. Defendant has failed to preserve this issue for appellate

 review.

 In order to preserve an issue for appellate review, a party
 must have presented to the trial court a timely request,
 objection, or motion, stating the specific grounds for the
 ruling the party desired the court to make if the specific
 grounds were not apparent from the context. It is also
 necessary for the complaining party to obtain a ruling upon
 the party’s request, objection, or motion.
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 N.C. R. App. P. 10(a)(1). At a probation violation hearing, a probationer “may

 confront and cross-examine adverse witnesses unless the court finds good cause for

 not allowing confrontation.” N.C. Gen. Stat. § 15A-1345(e) (2019).

¶ 14 In the present case, the following exchange took place at the hearing:

 [Prosecutor:] And do you supervise the defendant, Terry
 Thorne?
 [Locus:] No, I do not. This case belongs to Officer Patterson
 right now, but at the time of this violation, it belonged to
 Officer Eric Phillips.
 [Prosecutor:] And is he no longer with Adult Probation and
 Parole?
 [Locus:] That’s correct.
 [Prosecutor:] Okay. Now, do you have any information
 about this case?
 [Locus:] I do not.
 [Defense Counsel:] I mean, he’s going to read from a
 file, Judge, from somebody. He’s not even involved
 in the case; doesn’t know any details about the
 matter, Judge, and I would object.
 [The Court:] Overruled.

¶ 15 Defendant did not state that the legal basis for his objection was his statutory

 confrontation right, nor was that ground apparent from context. Defendant did not

 request to cross examine Phillips, did not request Phillips’ presence at the hearing,

 and did not request Phillips be subpoenaed and required to testify. At most, it could

 be inferred that Defendant objected to Locus testifying because Locus did not have
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 personal knowledge of the underlying events,2 and because Locus’s reading from

 Officer Phillips’ case notes constituted inadmissible hearsay.3

¶ 16 Defendant argues that, notwithstanding his failure to object, the issue of the

 confrontation right under section 15A-1345(e) is preserved because the trial court

 acted contrary to a statutory mandate. We disagree.

¶ 17 It is true that “[w]hen a trial court acts contrary to a statutory mandate, the

 defendant’s right to appeal is preserved despite the defendant’s failure to object

 during trial.” State v. Lawrence, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000). Here,

 however, the trial court did not act contrary to a statutory mandate because

 Defendant’s objection was insufficient to trigger the trial court’s obligation under

 section 15A-1345(e) to either permit cross-examination of Phillips or find good cause

 for disallowing confrontation. Under these circumstances, Defendant has failed to

 preserve for appellate review the issue of his right to confrontation under section

 15A-1345(e).

 2 See N.C. Gen. Stat. § 8C-1, Rule 602 (2020) (“A witness may not testify to a matter

 unless evidence is introduced sufficient to support a finding that he has personal knowledge
 of the matter.”).
 3 See N.C. Gen. Stat. § 8C-1, Rule 801(c) (2020) (“‘Hearsay’ is a statement, other than

 one made by the declarant while testifying at the trial or hearing, offered in evidence to prove
 the truth of the matter asserted.”); N.C. Gen. Stat. § 8C-1, Rule 802 (2020) (“Hearsay is not
 admissible except as provided by statute or by these rules.”).
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 B. Absconding

¶ 18 Defendant next argues that the trial court erred by revoking his probation

 based on a finding of absconding because the behavior alleged in the Report and

 Addendum, and the evidence presented at the hearing, did not show absconding.

¶ 19 As a regular condition of probation, a defendant placed on supervised probation

 must “[n]ot abscond by willfully avoiding supervision or by willfully making the

 defendant’s whereabouts unknown to the supervising probation officer[.]” N.C. Gen.

 Stat. § 15A-1343(b)(3a) (2019). A trial court may revoke probation where a defendant

 absconds. N.C. Gen. Stat. § 15A-1344(a) (2019).

 An alleged violation by a defendant of a condition upon
 which his sentence is suspended need not be proven beyond
 a reasonable doubt. All that is required is that the
 evidence be such as to reasonably satisfy the judge in the
 exercise of his sound discretion that the defendant has
 violated a valid condition upon which the sentence was
 suspended. The findings of the judge, if supported by
 competent evidence, and his judgment based thereon are
 not reviewable on appeal, unless there is a manifest abuse
 of discretion.

 State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quotation marks

 and citations omitted).

¶ 20 The Report, the Addendum, and Locus’ testimony at the hearing tended to

 show that Defendant left the probation office on 5 August without authorization and

 then failed to appear or otherwise contact his probation officer or the probation office
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 for at least 22 days. Phillips went twice to Defendant’s last known address to locate

 Defendant, but Defendant was not there, and Defendant did not report to the

 probation office after Phillips left a message with Defendant’s relatives asking him to

 do so.

¶ 21 Relying on State v. Williams, 243 N.C. App. 198, 776 S.E.2d 741 (2015),

 Defendant contends that the State’s evidence only showed that he violated the

 condition that a probationer “permit the [probation] officer to visit him at reasonable

 times,” N.C. Gen. Stat. § 15A-1343(b)(3), which by itself cannot justify revocation,

 N.C. Gen. Stat. § 15A-1344(a). Defendant’s reliance is misplaced. In Williams, the

 probation officer was able to speak with the defendant by phone on several occasions,

 and ultimately learned his location, though the defendant had failed to inform the

 officer of his address, missed appointments with the officer, and was travelling out of

 state without permission. Williams, 243 N.C. App. at 198-99, 776 S.E.2d at 742. We

 agreed with defendant that these facts did not amount to absconding under section

 15A-1343(b)(3a) and held that the State may not “convert violations” of requirements

 for which probation is not revocable “into a violation of [section] 15A-1343(b)(3a).” Id.

 at 205, 776 S.E.2d at 745-46. Here, the State presented evidence that Phillips was

 twice unable to locate Defendant at his last known address; Defendant failed to report

 to Phillips despite a message left with his family requesting that he do so; and unlike
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 in Williams, Defendant otherwise failed to contact or make his whereabouts known

 to Phillips for a 22-day period.

¶ 22 Defendant also emphasizes portions of his testimony that contradict the State’s

 evidence. But because the trial court sat as the finder of fact in the probation

 revocation hearing, N.C. Gen. Stat. § 15A-1345(e), it had discretion to determine the

 weight and credibility of the evidence, Sellers v. Morton, 191 N.C. App. 75, 79, 661

 S.E.2d 915, 920 (2008). In these circumstances, the trial court did not abuse its

 discretion in revoking Defendant’s probation on the basis that Defendant had

 absconded, in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). We affirm the portion

 of the trial court’s judgment revoking Defendant’s probation and activating his

 sentence.

 C. Clerical Error

¶ 23 Defendant lastly argues that the trial court erred by revoking his probation for

 the commission of a criminal offense based on his use of illegal drugs because the

 Report alleged only that this was a non-revocable violation of probation.

¶ 24 The Report alleged only that Defendant had violated the condition to “[n]ot

 use, possess or control any illegal drug or controlled substance[,]” not that he had

 committed a new criminal offense. The Addendum alleged only that Defendant had

 absconded. The trial court found that Defendant violated his conditions of probation

 as alleged in both the Report and Addendum. Although only the Addendum alleged
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

 a revocable violation, see N.C. Gen. Stat. § 15A-1344(a), the trial court checked the

 box on the form judgment indicating that “[e]ach violation is, in and of itself, a

 sufficient basis upon which this Court should revoke probation and activate the

 suspended sentence.”

¶ 25 The State contends that this was a clerical error and not grounds for reversal.

 “A clerical error is an error resulting from a minor mistake or inadvertence, especially

 in writing or copying something on the record, and not from judicial reasoning or

 determination.” State v. Lark, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702 (2009)

 (quotation marks, brackets, and citations omitted). Because the checked box on the

 form judgment indicating that both violations found by the trial court independently

 justified revocation is unsupported by the record, contradicted by the plain language

 of section 15A-1344(a), and appears to be a clerical error, we remand to the trial court

 for correction. See State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008)

 (“When, on appeal, a clerical error is discovered in the trial court’s judgment or order,

 it is appropriate to remand the case to the trial court for correction because of the

 importance that the record speak the truth.” (quotation marks omitted)).

 IV. Conclusion

¶ 26 Defendant failed to preserve the issue of the right to confront his former

 probation officer at the violation hearing. The trial court did not abuse its discretion

 by revoking Defendant’s probation for absconding but did commit a clerical error by
 STATE V. THORNE

 2021-NCCOA-534

 Opinion of the Court

checking the box indicating that each violation found by the trial court independently

justified revocation. Accordingly, we affirm the trial court’s revocation of probation,

but remand for correction of the clerical error.

 AFFIRMED; REMANDED WITH INSTRUCTIONS.

 Judges DIETZ and GORE concur.