An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-985

Filed 2 July 2025

Onslow County, Nos. 22CRS053002, 22CRS053003

STATE OF NORTH CAROLINA

v.

NATHANIEL QUA-DALE FONVILLE

Appeal by defendant from judgment entered 3 March 2024 by Judge Rebecca W. Holt in Onslow County Superior Court. Heard in the Court of Appeals 11 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kyle Peterson, for the State.*

> *Todd Houston Neal for the defendant-appellant.*

PER CURIAM.

Nathaniel Qua-Dale Fonville ("Defendant") appeals from judgment entered upon a jury's verdict of guilty to fleeing to elude arrest, with a motor vehicle, failure to heed light or siren, speeding, resisting a public officer, and reckless driving to endanger. We remand for the correction of a clerical error and dismiss Defendant's appeal.

## I.    Background

Defendant was indicted for one count of felony fleeing to elude arrest with a motor vehicle, failure to heed light or siren, speeding, resisting a public officer, and reckless driving to endanger by an Onslow County grand jury on 1 August 2023. The jury returned verdicts finding Defendant guilty of all charges. The trial court consolidated his convictions and sentenced him as a prior record level III with nine prior record points to an active sentence in the presumptive range of 8 to 19 months with thirteen days credit for pre-trial confinement. Defendant appeals.

## II.    *Anders Brief Review*

Counsel appointed to represent Defendant on appeal "is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal" and asks this Court to conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing to him the documents necessary to do so.

Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time to do so has passed. Based upon our independent review of the record, Defendant's arguments on his underlying convictions and sentence have no merit.

### III.    Clerical Error

Defendant's counsel identified a potential clerical error in the judgment.  The indictment in 22 CRS 053003 incorrectly captioned the resisting a public officer charge as a felony "(F)," and the charging language incorrectly included "feloniously" when no allegation tended to show Defendant's actions were "the proximate cause of a public officer's serious injury" or "serious bodily injury."  N.C. Gen. Stat. § 14-223 (b) & (c) (2023).  During the charge conference at trial, this error was discovered and the jury was instructed on the lesser misdemeanor.  Defendant's judgment on this charge was erroneously classified as a class I felony.  The State's brief states, "there is a minor clerical error on the judgment."

"A clerical error is defined as an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination."  *State v. Gillespie*, 240 N.C. App. 238, 245, 771 S.E.2d 785, 790 (2015) (alterations, citations, and internal quotation marks omitted).

"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."  *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and internal quotation marks omitted).  We remand for correction of the clerical error on the judgment form.

### IV.    Conclusion

We have fully examined the record to determine whether any other issues of

arguable merit appear therefrom in accordance with *Anders* and *Kinch*. We discern no prejudicial errors. Defendant's appeal is dismissed. We remand for the limited purpose of correcting the above-described clerical error on the judgment form. *It is so ordered.*

DISMISSED IN PART; REMANDED FOR CORRECTION OF JUDGMENT.

Panel consisting of Judges TYSON, ZACHARY, and COLLINS.

Report per Rule 30(e).